SHARP, Judge.
American States Insurance Company appeals from the trial court’s determination that its policy provided coverage for the incident involved in this case, and the final judgment of damages imposed as a result of that determination. We reverse.
The appellant issued to Singleton, a general contractor, a “Manufacturers’ and Contractors’ Liability Insurance Coverage” policy. The policy contained Exclusions (a) and (o):
This Insurance does not apply:
(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but with respect to bodily injury or property damage occurring while work performed by the named insured is in progress, this exclu *223 sion does not apply to a warranty that such work will be done in a workmanlike manner;

(o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith; ....
The appellee, Villegas, argued that this policy should cover the damages he suffered when an addition to his home, which was improperly constructed by Singleton, had to be torn down and replaced.
The trial judge found coverage for all of appellee’s damages under this policy, relying upon Fontainebleau Hotel Corp. v. United Filigree Corp., 298 So.2d 455 (Fla. 3d DCA 1974). Since the trial, our Supreme Court disapproved Fontainebleau in La-Marche v. Shelby Insurance Company, 390 So.2d 325 (Fla.1980). It held that a general contractor’s comprehensive liability policy, such as the one involved in this case, does not cover the cost of replacing or repairing defective materials and workmanship:
... the purpose of this comprehensive liability insurance coverage is to provide protection for personal injury or for property damage caused by the completed product, but not for the replacement and repair of that product.
Id. at 326.
However, pursuant to LaMarehe, property damage to appellee’s original structure caused by Singleton’s addition may be covered under the comprehensive policy. This item of damage was not separately determined at the trial because the LaMarehe case had not then been published. We reverse the judgment and remand this case to the trial court for the purposes of making that determination and entering a judgment for appellee, if appropriate. Shelby Mutual Insurance Company v. LaMarche, 371 So.2d 198 (Fla. 2d DCA 1979), aff’d., 390 So.2d 325 (Fla.1980).
REVERSED and REMANDED.
DAUKSCH, C. J., and COWART, J., concur.