SCHEB, Judge.
This interlocutory appeal is from the trial court’s determination that the policy issued by the appellant, Insurance Company of North America (INA), provided liability coverage for Bob C. Jones as the owner and operator of a personal vehicle involved in a serious accident which resulted in extensive damages to the appellees.
*475 The facts pertinent to this appeal are as follows:
Jones is President of Red Barn, Inc., a corporation engaged in the restaurant business, owned by his family. His personal vehicles and the Corporation vehicles were both formerly insured with the Reserve Insurance Company (Reserve), but on October 6, 1972, Clifford Morgan, the insurance agent for both Jones and the Corporation, switched the Corporation vehicles over to a policy issued by appellant INA. Red Barn, Inc. was the named insured on this policy, which because of Jones’ poor driving record, contained the following exclusion insisted upon by INA:
It is agreed that the insurance afforded by this policy shall not apply while any automobile is being personally driven by Bobby Charles Jones.
Also, because of Jones’ driving record, INA refused to insure Jones’ personal vehicles, which Morgan had also attempted to transfer to an INA policy.
The INA policy defined the insured vehicle as “the motor vehicle or trailer described in this policy or, if none so described any private passenger automobile owned on the effective date of this policy by the named insured. . . .” The policy as issued described certain automobiles owned by the Red Barn, Inc.
Red Barn’s policy from INA also contained a paragraph entitled “Use of Other Automobiles.” This paragraph began, “If the named insured is an individual .” and went on to describe the coverage afforded for use of non-owned vehicles. Nothing in the policy provided any non-owned vehicle coverage if the named insured was a corporation.
In February, 1973, Jones requested Morgan, his insurance agent, to provide coverage on a pick-up truck. Since the truck was driven by employees of the Red Barn, Inc., Morgan added it to the INA policy, effective February 23, 1973. The parties disagree whether the truck was owned by Jones or by the corporation. Nevertheless, Morgan believed it was owned by Jones, and at the request of both Jones and the bank financing the vehicle, Morgan added Jones as a named insured under the INA policy. At the same time at the bank’s request, Morgan added a loss payable endorsement in its favor. No additional premium was charged by INA for the additional coverage.
Jones continued to insure his personal vehicles with Reserve. He purchased a Chevrolet Monte Carlo on March 31, 1973, and it was listed as one of the insured vehicles on the Reserve policy effective April 4, 1973. The Monte Carlo, however, was never listed in the INA policy.
On August 31, 1973, while driving the Monte Carlo, Jones was involved in an accident, causing injury to appellees. No one has challenged the court’s implicit finding that Jones was on corporate business at the time of the accident, transporting liquor for Red Barn, Inc. On September 4, 1973, Morgan reported the accident to Reserve. He made no report of the accident to INA.
Appellees filed suit against INA, Reserve, Jones and the Red Barn, Inc. Reserve settled for its policy limits of $300,000. INA contested coverage, and following a non-jury trial on that issue, the court held the INA policy covered Jones’ liability for the accident.
The primary question presented is:
Did the INA endorsement of February 23, 1973, which added a truck, but did not list the Monte Carlo involved in the accident, and which changed the named insured to Red Barn, Inc. and Bob C. Jones, vitiate the effect of the prior policy provision excluding coverage while any automobile was driven by Jones?
We hold it did not. Accordingly, we reverse the judgment of the trial court.
Red Barn accepted its policy from INA with knowledge of the endorse *476 ment excluding coverage as to any vehicle operated by Jones.[1] It is basic that such policy must be construed as modified by the exclusionary endorsement. Fla.Stat. § 627.419(1). Moreover, the validity of such a provision is well established even when the excluded driver is a named insured. Ohio Casualty Co. v. Keller, Fla.App.2d 1967, 199 So.2d 343.
Appellees argue the only reason for INA to have added Jones as a named insured under Red Barn’s policy was to afford him coverage found by the trial court. Neither the contract nor the testimony support this contention.
Morgan, the insurance agent, testified that Jones requested the pick-up truck be added to his policy. Then the bank requested the name “Bobby C. Jones’’ appear on that policy and asked Morgan to provide a “loss payable” endorsement to protect its security interest. According to Morgan, the endorsement including Jones as a named insured was added to protect Jones’ liability as an owner, comply with the bank’s requirements as to its security interest, and cover any possible problem which máy arise should Jones acquire 100 percent of the capital stock of Red Barn, Inc.
Jones testified that when the INA policy was issued to Red Barn, he was told that no Red Barn vehicle he drove would be covered unless covered under his Reserve policy. Moreover, he testified the Monte Carlo was his personal car and he understood that his personal vehicles were insured with Reserve.
The reasons for adding Jones’ name as an insured were plausible; hence, neither the endorsement adding the pick-up truck nor the attendant inclusion of Jones as a named insured eliminated the prior clause excluding coverage while Jones was driving any. vehicle.[2] Further, if the endorsement of February 23, 1973, could somehow be construed to remove the restriction on Jones’ driving, appellees still would have to overcome the problem that the Monte Carlo driven by Jones and involved in the accident was not listed on the itemized schedule of vehicles covered under the INA policy. The evidence did not reveal the existence of any exception to the general rule that liability coverage in a “scheduled” contract is limited to the vehicles therein described.
There is no merit to appellees’ contention that the “Use of Other Automobiles” clause in INA’s policy issued to a corporation, such clause being applicable only to policies with individual insureds, created an ambiguity which should extend coverage to Jones under Red Barn’s policy. Even assuming, arguendo, such clause could be construed to afford coverage, the Monte Carlo would not be covered since by express terms of the policy (Paragraph V(d)(l)) the clause in question does not apply “. . . to any automobile owned by or furnished for regular use to the named insured. . . .” Since Jones was the owner of the vehicle involved in the accident, the quoted clause would, in any event, exclude coverage.
Red Barn accepted its INA policy with the exclusion of Jones as a driver and no subsequent acts by INA either eliminated or waived the restriction. There was an abundance of testimony disclosing valid reasons for adding Jones as an additional insured while no testimony indicated any belief on Jones’ part that he considered *477 himself covered as a driver under the policy INA issued to Red Barn. In fact, any ambiguity which may have been created by Jones being added as named insured under the INA policy was clearly dispelled by his own testimony. We must resist the approach of interpreting coverage as co-extensive with liability, cf. Ray v. Earl, Fla.App.2d 1973, 277 So.2d 73. This is no problem where, as here, the record sub ju-die e does not disclose any intent on Jones’ part to purchase, nor did he pay for any additional coverage and no waiver or es-toppel was demonstrated.
Accordingly the judgment of the trial court is reversed and the cause is remanded for proceedings consistent herewith.
HOBSON, A. C. J., and BOARDMAN, J., concur.

. We are aware of appellees’ argument that the exclusionary provision, having been acknowledged in writing by Jones personally, did not indicate a corporate acceptance of the exclusion. The exclusion, however, was an endorsement to the original policy and delivered along with that policy. We find this contention devoid of merit.

. In addition to protecting the bank’s security interest, Jones’ vicarious liability, and any possible personal liability from his acquisition of all of the stock of Red Barn, another obvious advantage for Jones to be a named insured would be to afford him collision and comprehensive coverages.