402 So.2d 480 (1981)
SOUTH CAROLINA INSURANCE COMPANY, Appellant,
v.
Steven HEUER and Kathy A. Ford, Appellees.
No. 80-25.
District Court of Appeal of Florida, Fourth District.
August 5, 1981.
Rehearing Denied September 15, 1981.
Marjorie D. Gadarian of Jones & Foster, P.A., West Palm Beach, for appellant.
Edna L. Caruso, West Palm Beach, and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellee, Heuer.
MOORE, Judge.
The appellant, South Carolina Insurance Company, appeals a partial summary judgment determining insurance coverage in a personal injury action.
The appellee, Steven Heuer, sued Kathy Ford for damages incurred in an accident between the motorcycle he was driving and an automobile owned and driven by Ford. The issue before us is whether Kathy Ford was covered under appellant's automobile insurance policy issued to her parents. It is undisputed that Kathy Ford was a resident *481 of her parents' household at the time of the accident. The trial court found the policy ambiguous and resolved the ambiguity against the appellant. He therefore entered the summary judgment from which this appeal stems. We disagree and reverse.
The provisions of appellant's policy which are determinative of this case are:
"Your covered auto" means:
(a) Any vehicle shown in the Declarations.
* * * * * *
"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.
* * * * * *
"Covered person" as used in this Part means:
(1) You or any family member for the ownership, maintenance or use of any auto or trailer.
* * * * * *
We do not provide Liability Coverage:
10. For the ownership, maintenance, or use of any vehicle, other than your covered auto, which is owned by or furnished or available for the regular use of any family member. However, this exclusion does not apply to you.
As an aside, we note initially that appellant's policy is a commendable attempt to rid insurance contracts of the indecipherable jargon which they so often contain. See, National Merchandise Company v. United Service Automobile Association, 400 So.2d 526 (Fla. 1st DCA 1981). There being no cases construing the precise language in this policy, we must rely upon standard principles of insurance contract construction.
Among the most basic of these principles is that ambiguities found in the coverage provisions of a policy must be interpreted in favor of providing coverage. Stuyvesant Insurance Company v. Butler, 314 So.2d 567 (Fla. 1975). It is equally true, however, that a court cannot alter the clear terms of a contract, and by doing so place the parties in a position different from that which they bargained for. General Accident F. & L. Assur. Corp. v. Liberty Mutual Insurance Company, 260 So.2d 249 (Fla. 4th DCA 1972).
The terms of an insurance policy should be taken and understood in their ordinary sense and the policy should receive a reasonable, practical and sensible interpretation consistent with the intent of the parties  not a strained, forced or unrealistic construction. Id. at 253.
As with any contract, an insurance policy is an expression of the rights and obligations agreed to by the parties. Particularly with respect to insurance policies, a court needs to view the contract provisions in light of the character of the risks assumed by the insurer. O'Conner v. Safeco Insurance Company of North America, 352 So.2d 1244 (Fla. 1st DCA 1977).
In order to discern the true intent of the parties to an insurance contract, the policy must be considered in its entirety. Individual policy provisions should not be read in isolation. Ellenwood v. Southern United Life Insurance Company, 373 So.2d 392 (Fla. 1st DCA 1979).
With these precepts as guidance, we turn our attention to the provisions of the policy in question. First, we note that Kathy Ford's automobile, not being listed in the declarations of her parents' insurance policy, was not a "covered auto" under the policy. Here lies the dispute because the policy also provides that she was a "covered person" under the policy for the use of any automobile. If this were the full extent of the policy's coverage provisions, we would hasten to agree with appellee, Heuer, that Kathy Ford was covered under her parents' policy. As in any policy of insurance, however, coverage cannot be determined without a careful consideration of the exclusions. It is not uncommon for an insurance policy to seemingly grant coverage in one section while excluding such coverage in another. Although it may be a better practice to draft policies without contradictions, as long as the policies are not deceptive and *482 clearly indicate their scope, we must interpret them according to their terms. Shelby Mutual Insurance Company v. LaMarche, 371 So.2d 198 (Fla. 2nd DCA 1979), aff'm., 390 So.2d 325 (Fla. 1980). We find no ambiguities existing in the policy before us. Eliminating the irrelevant language, a policy exclusion states: "We do not provide coverage for the ... use of any vehicle other than your covered auto, which is owned by ... any family member." The automobile driven by Kathy Ford was her own. She was therefore excluded from coverage under her parents' policy. Such is the clear and unambiguous import of the policy. It is therefore unnecessary to resort to other rules of construction in an effort to interpret the policy otherwise.
Acceptance of appellee's contention would result in a finding of ambiguity in every insurance policy containing an exclusion. This is not supportable. To the contrary, it has been held that even a named insured may be specifically excluded from coverage. Insurance Company of North America v. Coates, 318 So.2d 474 (Fla. 2nd DCA 1975). Appellee's contention would also mean that, under the terms of the policy here involved, whenever a family residing together in the same household owned more than one vehicle, it would be necessary to insure only one in order to have coverage on all. We do not accept this contention. See, LaViolette v. Sapp, 278 So.2d 598 (Fla. 1973). Quite clearly, exclusionary provisions of a policy limit coverage. As long as the exclusions are clear and unambiguous, an insurer will not be held to cover risks which it specifically rejected. New Hampshire Insurance Company v. Carter, 359 So.2d 52 (Fla. 1st DCA 1978).
The partial summary judgment is reversed and this cause is remanded with directions to enter judgment for the appellant on the issue presented here.
REVERSED and REMANDED.
DOWNEY and HURLEY, JJ., concur.