432 So.2d 1368 (1983)
Robert J. COLEMAN, Appellant,
v.
VALLEY FORGE INSURANCE COMPANY, Appellee.
No. 82-2488.
District Court of Appeal of Florida, Second District.
June 15, 1983.
*1369 John Charles Coleman of Coleman & Coleman, Fort Myers, for appellant.
Peterson & Fogarty, P.A., and Steven R. Berger, P.A., West Palm Beach, for appellee.
GRIMES, Judge.
This appeal involves an interpretation of an automobile insurance policy.
In September of 1980, appellant purchased from Valley Forge a policy of liability and collision insurance on his 1970 BMW. According to the policy, "Your covered auto" is defined as:
(a) Any vehicle shown in the Declarations.
(b) Any of the following types of vehicles of which you acquire ownership during the policy period, provided that you ask us to insure it within thirty days after you become the owner:
(1) a private passenger auto.
(2) if not used in any business or occupation, a pickup, panel truck, or van.
If the vehicle replaces one shown in the Declarations, you have to ask us to insure it within thirty days only if you wish Damage to Your Auto Coverage to apply to the replacing vehicle.
(c) Any trailer you own.
(d) Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its breakdown, repair, servicing, loss or destruction.
Part D, entitled "Coverage for damage to your auto," states:
We will pay for direct and accidental loss to your covered auto, including its equipment, minus any applicable deductible shown in the Declarations.
Under the heading of "Exclusions," the policy further provides:
We will not pay for:
... .
8. Loss to any vehicle while used as a temporary substitute for a vehicle you own which is out of normal use because of its breakdown, repair, servicing, loss or destruction.
Appellant's car required repairs, so he borrowed his mother's 1973 Mercedes Benz 450 SL. On September 6, 1981, he was involved in an automobile accident which caused extensive damage to his mother's car.
When Valley Forge denied collision coverage, appellant brought suit on the policy. At the trial, Valley Forge stipulated that the car qualified as a substitute automobile as defined under subsection (d) of the definition of "Your covered auto." At the close of appellant's case, the court granted Valley Forge's motion for directed verdict.
Established principles of insurance policy construction require that any ambiguities be construed against the insurer. Stuyvesant Insurance Co. v. Butler, 314 So.2d 567 (Fla. 1975). Here, however, there is no ambiguity in the policy language. The problem lies in the fact that collision coverage for a substitute automobile is clearly included under Part D and just as clearly eliminated by the eighth exclusion.
*1370 Where the terms of a policy are irreconcilable and the intent to provide coverage in a given factual situation is not easily discernible, the court should adopt the construction which provides the most coverage. Oliver v. United States Fidelity & Guaranty Co., 309 So.2d 237 (Fla. 2d DCA), cert. denied, 322 So.2d 913 (Fla. 1975). However, on the subject of repugnancy, 1 G. Couch, Cyclopedia of Insurance Law § 15:45 (R. Anderson 2d ed. 1959) (footnotes omitted), states:
The accepted rule is that where a repugnancy exists between different clauses of an insurance policy, the whole should, if possible, be construed so as to conform to the evident consistent purpose of the parties. The evident purpose of the parties to the contract should not be defeated by construction. Clauses should not be construed as repugnant unless irreconcilable with any reasonable interpretation which incorporates them as forming a harmonious plan for insurance of the nature contemplated by the parties; rather, the construction must, if possible, give force and effect to each clause. It must be assumed that each provision of the policy was purposely incorporated therein, that the parties knew their meaning, and intended their purpose, and neither should be deleted unless clearly repugnant or totally irreconcilable by reasonable interpretation. In fact, all reasonable effort should be made to harmonize and give effect to all parts of the policy.
The recent case of South Carolina Insurance Co. v. Heuer, 402 So.2d 480 (Fla. 4th DCA 1981), petition for review denied, 412 So.2d 465 (Fla. 1982), is instructive. There, the carrier's policy defined "Your covered auto" to include the vehicle shown in the Declarations and "Family member" to include a blood relative residing in the insured's household. Among the definitions for a "Covered person" was "You or any family member for the ownership, maintenance or use of any auto or trailer." However, the policy also stated:
We do not provide Liability Coverage:
10. For the ownership, maintenance, or use of any vehicle, other than your covered auto, which is owned by or furnished or available for the regular use of any family member. However, this exclusion does not apply to you.
402 So.2d at 481. The issue was whether the carrier was obligated to provide coverage for damages incurred in an accident involving a personal automobile driven by the insured's daughter, Kathy Ford, who resided in the insured's household. In reversing a judgment which had been entered against the insurance company, the court said:
First, we note that Kathy Ford's automobile, not being listed in the declarations of her parents' insurance policy, was not a "covered auto" under the policy. Here lies the dispute because the policy also provides that she was a "covered person" under the policy for the use of any automobile. If this were the full extent of the policy's coverage provisions, we would hasten to agree with appellee, Heuer, that Kathy Ford was covered under her parents' policy. As in any policy of insurance, however, coverage cannot be determined without a careful consideration of the exclusions. It is not uncommon for an insurance policy to seemingly grant coverage in one section while excluding such coverage in another. Although it may be a better practice to draft policies without contradictions, as long as the policies are not deceptive and clearly indicate their scope, we must interpret them according to their terms. Shelby Mutual Insurance Company v. LaMarche, 371 So.2d 198 (Fla. 2nd DCA 1979), aff'm., 390 So.2d 325 (Fla. 1980). We find no ambiguities existing in the policy before us. Eliminating the irrelevant language, a policy exclusion states: "We do not provide coverage for the ... use of any vehicle other than your covered auto, which is owned by ... any family member." The automobile driven by Kathy Ford was her own. She was therefore excluded from coverage under her parents' policy.
402 So.2d at 481-82.
An exclusion, by its nature, serves to limit or diminish the scope of coverage *1371 otherwise provided in the policy. If exclusions are clearly stated, they should be upheld. Denman Rubber Manufacturing Co. v. World Tire Corp., 396 So.2d 728 (Fla. 5th DCA 1981); Craine v. Gee, 276 So.2d 521 (Fla. 2d DCA 1973). The only reasonable construction of the policy as a whole indicates that Valley Forge provided liability coverage for a temporary substitute automobile but did not intend to provide collision coverage on that automobile. The variable in actuarial risk with respect to a substitute automobile lies primarily in the collision coverage because the premium is predicated upon the value of the automobile being insured. The fact that Valley Forge could have removed a substitute automobile from the scope of collision coverage under Part D by breaking down the definition of "Your covered auto" into its constituent subsections does not mean that Valley Forge could not rely upon its clearly expressed exclusion to accomplish the same purpose.
AFFIRMED.
BOARDMAN, A.C.J., and DANAHY, J., concur.