457 So.2d 1099 (1984)
ENNIA SCHADEVERZEKERING, N.V., Appellant,
v.
MULBERRY MOTOR PARTS, INC., Appellee.
No. 83-2621.
District Court of Appeal of Florida, Second District.
October 3, 1984.
Rehearing Denied October 29, 1984.
Thomas D. Lardin of Weaver, Weaver & Lardin, P.A., Fort Lauderdale, for appellant.
Nathaniel G.W. Pieper of Lau, Lane & Pieper, P.A., Tampa, and James P. Hahn of Hahn, Breathitt, Roberts & Watson, P.A., Lakeland, for appellee.
CAMPBELL, Judge.
Appellant, Ennia Schadeverzekering, N.V., appeals the trial court's final judgment holding it liable under a policy of yacht insurance insuring appellee's fortyone foot Striker Sport Fisherman. We affirm.
Appellant raises two points on appeal:
I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE INSURED'S USE OF THE SUBJECT VESSEL IN ST. THOMAS *1100 AND IN VENEZUELA FAILED TO CONSTITUTE CHARTERING OF THE VESSEL AND WAS THEREFORE NOT A VIOLATION OF THE PRIVATE PLEASURE WARRANTY AS CONTAINED IN THE APPLICABLE INSURANCE POLICY?
II. WHETHER THE TRIAL COURT ERRED IN DETERMINING THAT A VIOLATION OF THE PRIVATE PLEASURE WARRANTY, AS CONTAINED IN THE APPLICABLE INSURANCE POLICY, SUSPENDS COVERAGE RATHER THAN TERMINATES COVERAGE AS OF THE DATE OF THE VIOLATION?
Appellant's policy insured appellee's vessel during the policy period of July 24, 1982 to July 24, 1983.
Appellee owned and maintained its vessel for the purpose of sport fishing by appellee's owner, Mr. William A. Read, and his family and friends and clients of Mr. Read and appellee. Appellee hired and maintained a full-time captain and crew for the boat.
During the month of July, 1982, Mr. Read spent most of the month on the vessel in and around the Caribbean Island of St. Thomas. The vessel stayed in and around St. Thomas during August and into September, when the captain and crew took the vessel to Venezuela where Mr. Read was to join the vessel and fish, but was unable to do so because of business.
During the time the vessel was in St. Thomas and Venezuela and not being used by Mr. Read, the boat was used by friends of Mr. Read and the vessel's captain. The captain collected from those friends who used the boat $500 to $600 per day, plus expenses, to help defray crew expenses while away. No accounting or remittance of these monies was made to appellee. The charges were not for the purpose of making a profit.
On November 18, 1982, as the vessel was returning to Florida from St. Thomas, it burned, sank and was totally lost. At the time of the loss, only the regular captain, his wife and crew, were aboard and the vessel was not under charter.
The issues appellant present arise because of a clause in the policy defined as a "Private Pleasure Warranty." That warranty is contained in the portion of the policy described as "General Conditions and Warranties Applicable To All Coverages Unless Otherwise Indicated." The "Private Pleasure Warranty" provides as follows:
The Assured covenants and agrees that the Insured Yacht will at all times be used solely for private pleasure purposes and all coverage under this policy shall terminate upon the chartering or hiring of the Yacht for any purpose or upon the use of the Yacht for other than private pleasure purposes, unless the previous written consent of the Company has been obtained.
Appellant contends that the use of the vessel by friends of the captain and owner for a charge of $500 to $600 per day, constituted a charter or hiring of the vessel so as to breach the private pleasure warranty and, thereby, completely terminate and void its policy of insurance. Appellee contends on the other hand, and the trial judge so found, that the use and payment of the charges by friends did not constitute a charter or hire.
Appellee further contends, and the trial judge also found, that even if such activity constituted a charter or hire, the private pleasure warranty should not be construed to completely terminate or void the policy, but only suspend its coverage during such activities. The loss occurred when the vessel was clearly not under charter or hire, thus, appellee argues, and the trial judge found, that coverage existed at the time of the loss.
Because we affirm the trial judge's finding in regard to appellant's second point, we do not address the issue of appellant's first point in regard to whether the use by friends of the captain or owner, upon payment *1101 of the $500 to $600, constituted a charter or hire.
We construe the private pleasure warranty as bringing about only a temporary termination or suspension of coverage during such time as there might have been a breach of the warranty. Since it is undisputed that there was no breach of warranty at the time appellee's vessel was lost, coverage existed.
It is a general rule of construction in insurance law, particularly applicable to a time policy of marine insurance, that where the language of a policy of insurance may be construed in various ways, a construction that will avoid forfeiture of coverage is preferred. Henjes v. Aetna Ins. Co., et al., 132 F.2d 715 (2d Cir.1943). It is also true that where exclusions are clearly stated, they should be upheld, but where terms of a policy are irreconcilable and the intent to provide coverage is not easily discernable, the construction which provides the most coverage should be adopted. Coleman v. Valley Forge Insurance Company, 432 So.2d 1368 (Fla. 2d DCA 1983). As the court in Henjes held, where the insurers meant to completely terminate the policy for the remainder of its term upon a breach of warranty, that intent should have been made convincingly clear. Henjes at 719.
As the court in Reliance Insurance Company v. The Escapade, 280 F.2d 482, 487 (5th Cir.1960) held:
[P]romissory warranties do not really forfeit the contract as that awesome term is normally understood. Consistent with the law's abhorrence of the harsh consequence of forfeiture, violations of such policy provisions are looked upon as bringing about a temporary "forfeiture" which is more accurately described by the term now generally used  coverage of the policy is suspended. "Consequently coverage is not permanently destroyed. It is suspended so long as, but only so long as the violations of the specified basic policy requirements continue. Equally clear, coverage is revived the moment the breaches or conditions cease." Lineas Aereas Colombianas Expresas v. Travelers Fire Ins. Co., 5 Cir., 1958, 257 F.2d 150, 155, and see especially note 9.
While the private pleasure warranty in The Escapade does not contain language of termination upon breach, that is not necessarily decisive. The court in Commercial Union Insurance Co. of New York v. Daniels, 343 F. Supp. 674 (D.C.S.D.Tex. 1972), relying on both The Escapade and Lineas Aereas Colombianas Expresas, 257 F.2d 150 (5th Cir.1958), held that the coverage of insurance there was suspended during a breach and not permanently destroyed. The warranty under consideration in Commercial Union expressly provided that the "insurance shall be void" in the event of a breach of the warranty. While the private pleasure warranty here provides that the "policy shall terminate upon" breach of the warranty, it does not make convincingly clear whether termination would be permanent or merely temporary during the duration of the breach.
When other policy provisions are considered, it appears that the construction adopted by the trial court providing for temporary suspension was proper. Three of those policy provisions are particularly persuasive on the side of temporary suspension. Section "A" of the policy labeled "Hull Insurance" contains a provision entitled "Property Insured," which provides that the policy covers the hull of the insured yacht "at all times and on all occasions not conflicting with warranties or other clauses or conditions in this Policy."
Also included in section "A" is a provision entitled "Coverage Provided." The "Coverage Provided" clause states that the insurance provided by section "A" is effective "Except as may be excluded elsewhere in this Policy and except during times, occasions and circumstances that conflict with warranties or other clauses or conditions in this Policy... ." Finally, section "C" entitled "Medical Expense Insurance," in a provision labeled "Exclusions," provides that coverage afforded shall not apply *1102 "while the yacht is being used for other than private pleasure purposes."
Since we find that the policy does not make convincingly clear that termination is permanent upon a breach of warranty, we conclude that coverage existed at the time appellee's vessel was lost.
Affirmed.
RYDER, C.J., and OTT, J., concur.