FERGUSON, Judge.
This appeal is brought from a declaratory judgment finding no coverage under a homeowners’ policy for the theft of a 1955 automobile which the parties agree was in dead storage.
The property section of the insurance policy excludes coverage for “motorized land vehicles,” which is defined in the general provisions section of the policy as a vehicle “designed for travel on public roads or subject to motor vehicle registration.” [Emphasis added].[1] Although the vehicle is not subject to motor vehicle registration because it is no longer operated on the roads, it is not covered for loss by theft because it was originally designed for road operation. We agree with the trial court that the policy is not facially ambiguous. It is likely that the vehicle would also be excluded from coverage under an automobile policy because it was in dead storage at the time of the loss, see section 320.01(1), Florida Statutes (1989), but a court cannot alter the terms of a contract, and by doing so place the parties in a position different from that which they bargained for. South Carolina Ins. Co. v. Heuer, 402 So.2d 480 (Fla. 4th DCA 1981), rev. denied, 412 So.2d 465 (Fla.1982).
Affirmed.

. A trailer or semi-trailer may also be an excluded motor vehicle under the policy. However, the trailer or semi-trailer must have been designed for travel on public roads and subject to motor vehicle registration. By use of the disjunctive term in describing the two characteristics of vehicles, other than trailers and semitrailers, the policy makes clear that an automobile is excluded from coverage even when no longer operated on the roads.