108 So.2d 324 (1958)
Jack M. FINK and Sanford S. Faunce, individually and as partners practicing law under the firm name of Faunce and Fink, Appellants,
v.
Ira L. POWSNER, Appellee.
No. 58-245.
District Court of Appeal of Florida. Third District.
November 13, 1958.
Rehearing Denied February 4, 1959.
*325 Gerald Forman, Miami, for appellants.
Herbert W. Vogelsang, Miami, for appellee.
HORTON, Judge.
Summary judgment was entered for the appellee, plaintiff below, in an action for attorney's fees under a written contract. The court found from the pleadings, admissions and exhibits of the parties that no genuine issue as to a material fact existed and that the appellee was entitled to a judgment as a matter of law upon a liquidated claim. The appellants, defendants below, have taken this appeal from the judgment.
The complaint in this cause alleges that the appellee, Ira L. Powsner, a practicing attorney in New York, contracted with appellants, Miami attorneys, for legal services in the probate of a certain estate. Exhibits attached to the pleadings indicated that Jack M. Fink, acting for the firm, agreed to pay a forwarding fee to Powsner of one-third of any fee to be awarded by the County Judge. The complaint further alleged that the appellants had been paid for their services pursuant to an order of the County Judge, but the one-third forwarding fee had not been paid to appellee although same had been demanded.
The appellants' answer consisted of a general denial of each and every allegation of the complaint. The appellee filed a request for admissions under Rule 1.30, Florida Rules of Civil Procedure, 30 F.S.A., which in substance requested the admission of all the material facts of the complaint. The appellant, Fink, filed a sworn answer admitting all the material allegations except that the services were performed as a result of a telephone conversation between the parties. The appellee moved for a summary judgment based upon the admissions and a copy of a work sheet which was filed by appellants in the County Judges' Court to support their petition for attorneys' fees. This petition recites a telephone conversation between the parties which originated the contract arrangement. The appellant, Fink, then filed an affidavit in opposition to the motion for summary judgment which in effect admits the contract but alleges a new agreement between the parties under different terms from those stated in the complaint. In substance, the affidavit alleges that the parties contracted that Faunce and Fink would take a smaller percentage as their fee in lieu of appellee's relinquishment of his right to a forwarding fee. The consideration for this contract was to be the benefit accruing to appellee's wife and daughter who were the principal beneficiaries of the estate. On the basis of this record, the court below granted the appellee's motion for summary judgment.
The issues in this cause were raised by the appellee's complaint and appellants' answer. The general denial in appellants' answer put in issue every fact upon which the appellee sought to recover. The fallacy of this answer was demonstrated by the subsequent sworn admissions which virtually admitted all of the material allegations of the complaint. General denials are not favored under our present rules of pleading and should only be used when the defendants, in good faith, intend to controvert each and every averment in the complaint, including the basis of the court's jurisdiction. See Rule 1.8(c), Florida Rules of Civil Procedure. This procedure was criticized in United States v. Long, D.C., 10 F.R.D. 443, 444, in passing on a similar federal rule, wherein the court stated:
"It cannot be said that Rule 8(b) [28 U.S.C.A.] forbids, in all circumstances, the employment of a general *326 denial in the making of an answer. Quite the contrary, the rule expressly permits such a denial, but it also prescribes the sole condition under which it may be tendered. That condition is present when, but only when, the pleader intends in good faith to controvert `all the averments of the preceding pleading'. In this court a defendant has no right categorically to deny an allegation which he knows or believes to be true, solely to the end that he may compel his adversary to bear the burden and cost of its proof."
The appellant's sworn admissions, coupled with the work sheet attached to appellee's motion for summary judgment, resolved all issues of fact under the pleadings in favor of the appellee. The affidavit of the appellant Fink alleged a discharge of the contract sued upon through the creation of a new oral contract inconsistent with the terms of the original contract. This, in effect, raised an affirmative defense in opposition to a motion for summary judgment when, under the Florida rules, such a defense must be pleaded in the answer. Rule 1.8(d), Florida Rules of Civil Procedure. Affirmative defenses not raised by answer are deemed to be waived. Cf. Dicks v. Colonial Finance Corporation, Fla. 1956, 85 So.2d 874; Carroll v. Paramount Pictures, D.C., 3 F.R.D. 47.
Upon the hearing of the motion for summary judgment, the trial judge was presented with a situation wherein all the allegations of the complaint were established without denial. Since no request was made to amend the answer, the court properly rejected the appellants' attempt to inject an affirmative defense on motion for summary judgment as it was beyond the scope of the issues raised by the pleadings.
Affirmed.
CARROLL, CHAS., C.J., and STURGIS, WALLACE E., Associate Judge, concur.