281 So.2d 609 (1973)
PENINSULAR LIFE INSURANCE COMPANY, a Florida Corporation, Appellant,
v.
Mary J. HANRATTY, a Minor, by and through Her Father and Next Friend, Joseph J. Hanratty, and Joseph J. Hanratty, Individually, Appellees.
No. 72-1480.
District Court of Appeal of Florida, Third District.
August 20, 1973.
*610 Stephens, Magill, Thornton & Sevier, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Selwood, and Steven R. Berger, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The appellees, Hanratty, brought suit on a group insurance policy which provided hospital benefits. After a jury trial, a verdict was returned for the defendant-appellant, Peninsular Life Insurance Company. The trial judge entered a judgment for the appellees notwithstanding the verdict and in the alternative an order granting a new trial. We reverse the judgment notwithstanding the verdict, but affirm the order granting a new trial.
*611 The appellant insurance company denied coverage for the medical treatment of Mary J. Hanratty claiming that the facility in which she was confined did not qualify as a "hospital" under the terms of the policy. This position was the only reason advanced for the denial of coverage until the trial began. As a result of the introduction of evidence during the presentation of the plaintiffs' case, the trial judge granted the defendant's motions to amend its answer in order to raise two additional "defenses." First, the trial judge allowed amendment to include an affirmative defense based upon an exclusion in the policy which stated that preexisting illness would not be covered. Second, the trial judge allowed "amendment" to include an argument of the company that the policy had been terminated because the plaintiff father left his employment prior to the commencement of Mary Hanratty's hospital treatment, and that therefore the plaintiffs were no longer covered under the policy. At the close of all the evidence, the court directed a verdict for the plaintiffs upon the issue of the qualification of the medical facility as a hospital. There is no appeal from that ruling.
The case was submitted to the jury upon the new issues raised during trial. After the jury returned a verdict for the defendant, the trial judge entered judgment for the plaintiffs notwithstanding the verdict. He also granted plaintiffs' motion for a new trial in the event the judgment should be reversed upon appeal. This appeal by the defendant insurance company seeks reversal of the judgment notwithstanding the verdict, and assigns as error the trial court's order granting a new trial.
The trial judge granted the judgment notwithstanding the verdict upon all of the grounds claimed by the plaintiffs in their motion. It is clear from the briefs and arguments, that the trial judge acted primarily upon the basis that his rulings allowing the introduction of additional defenses during the trial were erroneous. Our analysis differs from the trial judge's conclusion concerning the two amendments. We hold that the judge correctly determined that he acted erroneously at trial when he allowed an amendment of the answer in order to raise a new affirmative defense which claimed that the illness was preexisting and therefore was not covered because of an exclusion in the policy. This was a new affirmative defense because it was based upon an exclusion in the policy and was a defense that the defendant-appellant had the burden of timely asserting and subsequently proving at trial. See Rule 1.110(d), RCP, 30 F.S.A.; Sonnenblick-Goldman of Miami Corp. v. Feldman, Fla.App. 1972, 266 So.2d 48; Rod-Lyn Corporation v. DeBelay, Fla.App. 1970, 231 So.2d 233; Sorensen v. Eshelman, Fla.App. 1967, 202 So.2d 597; Gordon International Advertising, Inc. v. Charlotte County Land & Title Co., Fla.App. 1964, 170 So.2d 59; Fink v. Powsner, Fla.App. 1958, 108 So.2d 324. Since the affirmative defense was not asserted in the answer or at any time prior to trial, the plaintiffs could not come to trial prepared to refute the defense. We hold that the defendant insurance company was estopped to raise the defense at the time of trial. See Rule 1.140(h), RCP, 30 F.S.A.; Bosko v. Pitts & Still, Inc., 75 Wash.2d 856, 454 P.2d 229 (1969); Continental Assur. Co. v. Hendrix, 246 Ala. 451, 20 So.2d 851 (1945); Smith v. German Ins. Co., 107 Mich. 270, 65 N.W. 236 (1895); 18 Couch on Insurance 2d § 71:43. Therefore, the judge was correct in holding that the verdict could not rest upon the jury's determination of this issue.
The second issue raised by "amendment" and submitted to the jury concerned the defendant-appellant's contention that the insurance policy was not in force at the time of the hospitalization because of the alleged termination of the father's employment. The trial court improperly regarded this factual issue as a "defense." It was the plaintiffs' burden under the pleadings as framed by the parties to prove the existence of the policy at the time of Mary Hanratty's hospitalization. Connecticut General Life Insurance *612 Company v. Breslin, 332 F.2d 928 (5th Cir.1964); Kimbal v. Travelers Ins. Co., 151 Fla. 786, 10 So.2d 728 (1942); Kimbro v. Metropolitan Life Insurance Company, Fla.App. 1959, 112 So.2d 274. It was not necessary for the defendant to offer an amendment in order for the factual issue of the policy's existence to be submitted to the jury. A contract of insurance may not be created by estoppel. 16A Appleman, Insurance Law and Practice, § 9090, at 339 (1968); 18 Couch on Insurance 2d, § 71:35, at 29 (1968). See St. Paul Fire & Marine Insurance Company v. Air Comfort Engineers, Inc., 47 Ala.App. 301, 253 So.2d 525 (1971); Madgett v. Monroe County Mutual Tornado Ins. Co., 46 Wis.2d 708, 176 N.W.2d 314 (1970); Kamikawa v. Keskinen, 44 Wis.2d 705, 172 N.W.2d 24 (1969); Donovan v. New York Cas. Co., 373 Pa. 145, 94 A.2d 570 (1953); Mercer v. Knox, Tex.Civ.App., 193 S.W.2d 885 (1946). Therefore, it is apparent that the factual issue of the insurance policy's existence at the time of Mary Hanratty's hospitalization was properly submitted to the jury. This was clearly an issue for the jury to decide and upon which the jury verdict may have been based. We have considered the additional grounds assigned and argued for the judgment notwithstanding the verdict and find that they do not support that judgment. It was error to grant such a judgment for the plaintiffs.
We now turn to the order granting a new trial. It affirmatively appears that the verdict may have been based upon an issue improperly submitted for the jury's deliberation. Therefore, the order granting a new trial was correct. See Cloud v. Fallis, Fla. 1959, 110 So.2d 669; Cunningham v. Romano, Fla.App. 1973, 278 So.2d 631; Pittman v. Smith, Fla.App. 1971, 252 So.2d 279.
The judgment notwithstanding the verdict is reversed. The order granting a new trial is affirmed. The appellees have filed a motion for attorney's fees pursuant to Fla. Stat. § 627.428(1), F.S.A. The right to such a fee is not now established since it is contingent "[u]pon the rendition of a judgment ... against an insurer ...". The matter is therefore referred to the trial court to be considered at the conclusion of the new trial.
Affirmed in part, reversed in part, and remanded for a new trial.