PER CURIAM.
Upon a review of the record on appeal and consideration of the briefs and oral argument of the parties we are of the opinion that no reversible error has been demonstrated. The instruments executed by the parties pursuant to a sale lease-back transaction clearly reflect a method of financing which was agreeable to all parties. The lease in question specifically provided that upon default (either in payments to be made under the lease or in payments to be made under a supplementary mortgage agreement) the tenant’s interest would terminate and the title to and ownership of all buildings automatically vest in the landlord. To declare that the lease must be terminated pursuant to “foreclosure” proceedings as being part of an overall financing transaction instead of pursuant to the customary landlord-tenant procedures would require this court to rewrite the provisions of the agreements in question.
The parties knowingly entered into a lease and the parties knowingly entered into a mortgage; the respective instruments clearly reflect what those instruments were intended to be and how the rights of the parties were intended to be determined. The trial court properly construed the lease in question as a lease and in accordance with the terms thereof properly struck the appellant’s affirmative defense relating to “a mortgage and a foreclosure action.” In addition, the trial court did not err in disallowing other affirmative defenses which were not specifically pled. North v. Culmer, Fla.App.1967, 193 So.2d 701; Fink v. Powsner, Fla.App. 1959, 108 So.2d 324; and Davis v. Evans, Fla.App.1961, 132 So.2d 476.
Accordingly, having given due consideration to the foregoing and the other contentions of the appellant and being of the opinion that no reversible error has been demonstrated the judgment below is
Affirmed.
WALDEN, MAGER, and DOWNEY, JJ., concur.