RYDER, Judge.
This appeal involves two questions: whether the trial court erred in granting the State’s motion to have appellant transferred to the adult division for prosecution when it allegedly did not take into account the criteria set forth in Section 39.09(2)(c), Florida Statutes (1977), and whether the court erred in proceeding with a waiver hearing without the appellant’s sole legal guardian, his mother, being present and in the absence of proper legal notice to her.
After consideration of oral argument and the record in this case, we are of the opinion that the first issue has no merit and the record fully supports the trial court in its decision to transfer appellant to the adult division of the court for prosecution.
However, the record is not that clear as to service of summons upon, or notice to, the mother.
We have been made aware that service of summons and notice to parents and guardians within the jurisdiction from which this case arises has been modified. Nonetheless, in the ease sub judice such service or notice is lacking and consequently we must reverse.
During the waiver hearing, the trial court was acutely concerned about notice to appellant’s mother. The record reveals that a clerk of the court mailed, by regular U.S. mail, a notice to appellant’s mother specifying a date, time and place for the waiver hearing. No proof of receipt of this letter was shown. However, in any event, the date of the hearing was later changed from the original date. Recognizing the change in the date of the hearing, the trial judge inquired whether or not the mother received subsequent notice. An HRS counsel- or stated in the record, and it is not clear if his testimony was under oath, that prior to the new hearing date, he had an appointment with the mother of appellant and that he delivered notice to the mother’s address. Unfortunately, the counselor’s testimony ends at that point. There is no showing he actually served the mother with the notice or, in any other manner, gave the mother notice of the re-scheduling of the hearing. Further, in an effort to settle the question of notice, the trial court inquired of appellant in regard thereto. Again, unfortunately, the record is confusing as to whether or not the mother had actual notice of the change in date of the hearing. Appellant’s testimony was vague and conflicting. At one point appellant stated he had conversations with his mother the Sunday before the hearing and she allegedly knew of the hearing, but on the other hand, appellant’s testimony also was that he had not seen his mother for approximately thirty days.
Consequently, as we find no waiver of service of process, as we find the record vague and conflicting as to service of process or actual notice, it is apparent that proof of compliance with Fla.R.Juv.P. 8.120 and Section 39.06, Florida Statutes (1977) has not been shown. Further, there is no adequate showing of actual notice to the mother regarding the hearing date. Therefore, we must reverse and remand the case to the lower court for additional proceedings consistent with this opinion.
GRIMES, Acting C. J., and SCHEB, J., concur.