371 So.2d 198 (1979)
The SHELBY MUTUAL INSURANCE CO., Appellant,
v.
Philip J. LaMARCHE and Bette LaMarche, His Wife, and Clearwater Prestige Homes, Inc., Appellees.
No. 78-1662.
District Court of Appeal of Florida, Second District.
May 18, 1979.
Stephen C. Chumbris of Harrison, Greene, Mann, Rowe, Stanton & Mastry, St. Petersburg, for appellant.
Jan G. Halisky of Griffin, Uber & Halisky, Clearwater, for appellees Philip J. LaMarche and Bette LaMarche.
N.S. Gould of Phillips, McFarland, Gould, Wilhelm & Wagstaff, Clearwater, for appellee Clearwater Prestige Homes, Inc.
BOARDMAN, Acting Chief Judge.
Appellant Shelby Mutual Insurance Company (Shelby) issued a general liability policy to appellee Clearwater Prestige Homes, Inc. (Homes). The policy provided in part:

*199 The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damage because of
Coverage A. bodily injury or
Coverage B. property damage
to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.
Exclusions
This insurance does not apply:
(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;
....
(n) to property damage to the named insured's products arising out of such products or any part of such products;
(o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith... .
The following definitions were included in the policy
"bodily injury" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;
"completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. "Operations" include materials, parts or equipment furnished in connection therewith.
....
"named insured's products" means goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, including any container thereof (other than a vehicle), but "named insured's products" shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;
"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;
....
"products hazard" includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others;
"property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period....
*200 On April 28, 1972, appellees, Philip J. and Bette LaMarche and Homes, entered into a written contract whereby Homes agreed to build a house for the LaMarches for a price of $41,721. The eighth paragraph of that contract provided:
The Contractor guarantees all workmanship and material. This guarantee is in exclusion of and in lieu of all other guarantees or warranties, and liability herein terminates one year from date of delivery, except with regard to the basic structural components of the home on which liability terminates five years from date of delivery. All manufacturers' warranties shall continue in force and effect according to their terms.
The LaMarches filed suit against Homes alleging breach of its express warranty and guarantee of all workmanship and material and breach of an implied warranty that the finished home was constructed in a good and workmanlike manner. They sought recovery for structural defects and consequent secondary damage resulting from the defects. The LaMarches moved for a summary judgment against Shelby on the sole issue of whether the insurance policy issued by Shelby to Homes provided coverage for the breach of the express and implied warranties. The motion was granted and the trial court entered a partial summary judgment against Shelby finding coverage to exist by virtue of an ambiguity in the policy which was construed in favor of the insured.
The trial court found and appellees argue on appeal that exclusion (n) and exclusion (o) when read in conjunction with exclusion (a) create an ambiguity as to coverage. We are aware of the universally accepted principle of law that where there is any ambiguity in an insurance policy or more than one possible construction of its provisions, it is to be construed against the insurer and in favor of the insured. The issue for our consideration is whether these three exclusions are clear and unambiguous.
The caveat or exception in exclusion (a) that "this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner" by its very terms applies only to exclusion (a). We can find no internal ambiguity in this exclusion. When read in concert with the other exclusions we similarly find no ambiguity.
The court in Fontainebleau Hotel Corp. v. United Filigree Corp., 298 So.2d 455 (Fla.3d DCA) cert. denied 303 So.2d 334 (Fla. 1974) reached a decision contrary to this result on similar facts.[1] The rationale of the court was that the "everyday meaning [of exclusion (a)] as understood by the `man-on-the-street'" would afford coverage for the liability assumed by the insured resulting from warranties it makes as to its products or work; that absent an express limitation, coverage provided by exclusion (a) cannot be restricted by exclusions (n) and (o); and that the more specific exclusion (a) governs over the more general exclusions (n) and (o). These statements embody correct statements of law.
Nonetheless we disagree with the result reached in Fontainebleau. First, in our view, the policy read as a whole and the provisions given their express and harmonious meaning and effect would not engender an impression that this insurance was to be a guarantee of an insured's satisfactory performance of his contractual duties. Second, it is well settled that generally an exclusion does not provide coverage but limits coverage. See 43 Am.Jur.2d Insurance § 1180. Third, whether (a) is more specific than (n) and (o) has no relevance to resolution of the issue presented to us. It was necessary to include the caveat or exception to exclusion (a) for warranties to give substance to the completed operations and products hazards coverage provided by *201 the policy. By definition coverage for these risks arises from a warranty given by the insured. This coverage would be meaningless absent the caveat or exception to exclusion (a). Furthermore, exclusions (n) and (o) limit the completed operations and products hazard coverage to the extent that property damage to the insureds' products arising from the products or to the work performed by the insured arising from that work is not included. We are in accord with St. Paul Fire & Marine Ins. Co. v. Coss, 80 Cal. App.3d 888, 145 Cal. Rptr. 836 (1978) which concluded that similar policy provisions were not ambiguous.
In resolving the issue raised on appeal we make no decision as to whether the policy expressly provides coverage for the damage which resulted to appellees' residence. That question is not before us. We hold only that the exclusions at issue here do not create an ambiguity.
REVERSED and REMANDED for further proceedings consistent with this opinion.
OTT and RYDER, JJ., concur.
NOTES
[1] Fontainebleau Hotel Corp. v. United Filigree Corp., 298 So.2d 455 (Fla. 3d DCA) cert. denied 303 So.2d 334 (Fla. 1974) concerned only a warranty that work be performed in a workmanlike manner. The policy in Fontainebleau was quite similar to the policy in the instant case: exclusion (n) in Fontainebleau tracks exclusion (o) in the instant case.