PER CURIAM.
Appellants appeal from a final judgment entered in favor of the defendants below. We reverse.
David Ironman and his wife Susan sued Karen Rhoades and her insurer for injuries David Ironman received as a passenger in a vehicle that was rear-ended by Rhoades. Defendants filed an answer to the complaint denying all material allegations and raising as affirmative defenses the negligence of the driver of the vehicle in which Ironman was a passenger, tort immunity under the Florida Automobile Reparations Reform Act, and the collateral source rule. The defendants did not raise “sudden brake failure” as an avoidance or affirmative defense. Plaintiffs filed a reply denying all affirmative defenses. The case was tried before a jury. In its verdict, the jury found that the plaintiff, David Ironman, sustained a permanent injury as a result of the accident in question, but that the defendant, Karen Lynn Rhoades, was not negligent. The plaintiffs moved for a new trial, which the trial court denied.
We have examined the points raised on appeal, and we find two deserving of comment. Appellants contend that they are entitled to a new trial because the trial court erred in denying their motion in li-mine and in ruling that no expert witnesses would be permitted to testify on the issue of sudden brake failure.
In the motion in limine, the plaintiffs sought to preclude the introduction of evidence by the defendants as to the defense of brake failure because the defendants *1098 never raised this as an affirmative defense. Florida Rule of Civil Procedure 1.110(d) provides:
(d) Affirmative Defenses. In pleading to a preceding pleading a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver and any other matter constituting an avoidance or affirmative defense-
(Emphasis added.)
The underlined passage above suggests that there are additional affirmative defenses besides those enunciated in the rule itself.
Although we could not find a Florida case so holding, we agree with the trial court’s determination that sudden brake failure is an avoidance or affirmative defense that should be specially plead. Other authorities lend support to our position. See Wood v. Johnson, 242 Md. 446, 219 A.2d 231, 235 (App.1966); Garfinkle v. Birnios, 232 Md. 402, 194 A.2d 91, 93 (App.1963). However, we disagree with the court’s finding that the defendant’s failure to plead sudden brake failure did not prejudice the plaintiffs because they were aware of this defense from the interrogatories, from the deposition of the defendant Rhoades, and from the deposition of the repairman who repaired the allegedly defective master brake cylinders. Since none of these items appear in the record and apparently were never introduced into evidence in the trial court, they could not provide the foundation of a defense which changed the entire complexion of a lawsuit.
Once the trial- court denied the appellants’ motion in limine, on the second day of trial, the court then permitted appellee not only to testify that her master brake cylinder suddenly failed, causing the accident, but also that her brake repair person repaired the “faulty master brake cylinder” after the accident. Thus, appellee appeared to have been a victim of the unfortunate circumstance of having her brakes suddenly fail, rather than the instigator of negligently caused damage to appellant.
Although the ruling prohibiting expert witnesses from testifying was made when the defense of sudden brake failure was not an issue, it was inappropriately enforced after the trial court permitted that defense to become an issue in mid-trial. Once the appellee’s self-serving statements, hearsay and evidence of subsequent repairs created an impression that the accident was an unavoidable one, the appellant should have been allowed to present expert testimony to controvert appellee’s testimony.
For the foregoing reasons, we reverse and remand for a new trial.
HERSEY, C.J., and LETTS and GUNTHER, JJ., concur.