PER CURIAM.
Appellant M.S., a minor, challenges an adjudication of delinquency[1] following a plea of nolo contendere specifically reserving for appellate review the denial of his motion to suppress. We affirm the trial court’s denial of the motion. When he abandoned the paper bag, appellant relinquished any legitimate expectation of privacy in the property. Thus, the search of the bag did not violate his fourth amendment rights. See United States v. Collis, 766 F.2d 219 (6th Cir.), cert. denied, 474 U.S. 851, 106 S.Ct. 150, 88 L.Ed.2d 124 (1985); United States v. Jones, 707 F.2d 1169 (10th Cir.), cert. denied, 464 U.S. 859, 104 S.Ct. 184, 78 L.Ed.2d 163 (1983); State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla.1980). The state concedes, however, that the trial court erred in adjudicating appellant delinquent based on the separate findings that appellant possessed cocaine and possessed cocaine with the intent to sell. Under double jeopardy principles, both adjudications cannot stand; the adjudication of delinquency for the lesser offense of simple possession must be vacated. C.P. v. State, 505 So.2d 616 (Fla. 3d DCA 1987).
Affirmed in part; reversed in part and remanded.

. The order under review was rendered August 5, 1986, and filed August 6, 1986.