## STATE FARM FIRE AND CASUALTY COMPANY, et al. v U.S. HOME CORPORATION, et al.

Case No. 88-4364

Thirteenth Judicial Circuit, Hillsborough County

February 21, 1991

### OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

### *ORDER ON DEFENDANT'S RENEWED MOTION FOR DIRECTED VERDICT*

This cause came on for consideration of defendant, U.S. HOME CORPORATION'S, renewed motion for directed verdict. Plaintiff,

STATE FARM FIRE AND CASUALTY COMPANY, filed a memorandum of law in opposition to Defendant's motion.

## BACKGROUND FACTS AND ISSUES PRESENTED

Plaintiff, STATE FARM, insured a townhouse owned by TAWNYA McEVOY. The home was constructed and sold by defendant U.S. HOME to TAWNYA McEVOY. U.S. HOME subcontracted the electrical work for the construction of the home to Defendant, ROBERTSON ELECTRIC. On January 8, 1987, an electrical receptacle failed and a fire ensued causing property damage to the townhouse. TAWNYA McEVOY recovered $71,711.61 under the insurance policy issued by STATE FARM for personal property loss, structural loss, and additional living expenses incurred as a result of the fire.

Plaintiff, STATE FARM, as subrogee to the rights of TAWNYA McEVOY, brought an action against defendants on various counts including negligence, strict liability, breach of implied warranty of merchantability, and breach of express warranty against U.S. HOME only. TAWYNA McEVOY subsequently filed a Motion to Intervene and filed an intervenor's complaint. This case went to trial on November 5, 1990. At the close of plaintiff's case, defendants moved for directed verdict on all four counts. The court directed a verdict in favor of defendants on strict liability and implied warranty, and reserved ruling on negligence and express warranty. At the close of defendants' case, defendants renewed their motion for directed verdict on the negligence and express warranty counts and the court again reserved ruling on these counts. The jury returned a verdict finding no negligence, but did find that U. S. HOME breached its express warranty with TAWNYA McEVOY and awarded damages to plaintiff in the amount of $40,000. Defendant U.S. HOME again renewed its motion for directed verdict and requested that the court overturn the jury verdict on the express warranty count as a matter of law.

Defendant contends that the express warranty excluded any loss, damage, defect, cost, or expenses which are covered by other insurance. The language of the exclusion, defendant argues, is clear and unambiguous, and therefore must be enforced by the court. Further, because the homeowner is not entitled to the benefit of the warranty by this express exclusion, defendant maintains that plaintiff, as subrogee, is also precluded from recovery.

Plaintiff counters that defendant has waived the affirmative defense of exclusion under the express warranty because defendant did not raise this issue until it moved for a renewed directed verdict at the close of trial. In addition, plaintiff argues that the language of the

**169**

exclusion is ambiguous and must be construed against defendant and that the exclusionary clause is unconscionable and should not be upheld. Finally plaintiff argues, in the alternative, that plaintiff should be able to recover under an implied warranty of merchantability. The court has already directed a verdict in favor of the defendant on plaintiff's claim of breach of implied warranty of merchantability, and will not reconsider this issue.

## ANALYSIS OF THE LAW

If the court reserves ruling on a motion for directed verdict at the close of the evidence, and the case is submitted to the jury, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Fla.R.Civ.P. 1.480(b). In considering the motion to set aside the jury verdict and to direct a verdict for the movant, the court must view all evidence in the light most favorable to the nonmoving party and all conflicts in evidence must be resolved in his favor. *Beagle v Bagwell,* 215 So.2d 24 (Fla. 1st DCA 1968).

The issues raised regarding the express warranty will be addressed separately. From the outset, it is important to note that an express warranty is fundamentally a contract, *Navaho Circle, Inc. v Development Concepts Corp.,* 373 So.2d 689, n.3 (Fla. 2d DCA 1979), and therefore the court will apply contract law, particularly insurance contract law, in its analysis of the issues under this motion.

## I. COVERAGE UNDER THE EXPRESS WARRANTY

A. *Ambiguity of Language of Exclusion Provision*

The exclusion provision at issue in the express warranty states:

VI. Exclusions
    This warranty does not apply to:

I. Any damage due to the extent it is caused or made worse by:

8. any loss, damage, defect, cost or expense which is caused, in whole or in part, by any peril or occurrence for which compensation is provided by legislation, or which is covered by other insurance or public funds to the extent that such compensation is paid by other providers.

Defendant maintains that the language of the express warranty clearly excludes recovery under the warranty for losses already covered by other insurance. Plaintiff contests this interpretation and states that the language suggests that the exclusion applies only to events for which there is either some type of liability coverage or public assis-

tance. Plaintiff argues that this ambiguity should be construed against the defendant, since the document was written and prepared by the defendant.

In Florida, ambiguity in the provisions of insurance contracts is construed against the insurer in favor of the insured. *Shelby Mutual Insurance Co. v LaMarche,* 371 So.2d 198 (Fla. 2d DCA 1979); *Kent Insurance Co. v Capitol Maintenance, Inc.,* 433 So.2d 1295 (Fla. 1st DCA 1983). However, the court must first find that ambiguity exists. *Shelby,* 371 So.2d at 200; *Kent,* 433 So.2d at 1297. To determine whether language of an insurance policy is ambiguous, the court must determine whether there is a genuine inconsistency, uncertainty or ambiguity in meaning after resort to the ordinary rules of construction. *Hess v Liberty Mutual Insurance Co.,* 458 So.2d 71 (Fla. 3d DCA 1984). In particular, when examining the language of exclusions in an insurance policy, the court must consider the policy read as a whole and determine whether various provisions, given their express meanings, can coexist harmoniously. *Shelby,* 371 So.2d at 200. If the court does not find ambiguity, it must give the language of the contract its plain and normally accepted meaning. *Kent,* 433 So.2d at 1297. A court may not rewrite an insurance contract extending coverage beyond that plainly provided for in the contract. *Id.; United States Fire Insurance Co. v Morejon,* 338 So.2d 223 (Fla. 3d DCA 1976).

Applying the rules of construction pertaining to insurance contracts to the express warranty at issue, the court finds that the exclusion provision does not create a genuine inconsistency or ambiguity. The warranty clearly states that it does not apply to any loss, damage, defect, cost or expense under three conditions: 1) losses caused by any peril or occurrence for which compensation is provided by legislation; 2) losses which are covered by other insurance to the extent that such compensation is paid by such other provider; or 3) losses which are covered by public funds to the extent that such compensation is paid by such other providers. The court does not agree with plaintiff's interpretation that the language suggests that the alternative coverage must be some type of liability insurance, as the provision merely states "other insurance". Since the court has not found ambiguity, it must afford the language of the exclusion its plain and normally accepted meaning and apply the exclusion to all types of insurance.

B. *Subrogation*

Defendant argues that because the express warranty would exclude the homeowner from recovery, it would also exclude the insurer's right as subrogee to recover under the warranty. The law is well established

in Florida that a subrogee stands in the shoes of the subrogor and has only those rights which the subrogor had. *Underwriters at Lloyds v City of Lauderdale,* 382 So.2d 702 (Fla. 1980); *McKenzie Tank Lines, Inc. v Empire Gas Corp.,* 538 So.2d 438 (Fla. 1st DCA 1989); *Kent Insurance Co. v Capitol Maintenance, Inc.,* 443 So.2d 1295 (Fla. 1st DCA 1983); *Jones v Bradley,* 366 So.2d 1266 (Fla. 4th DCA 1979(; *Ulery v Asphalt Paving,* 119 So.2d 432 (Fla. 1st DCA 1960). In particular, insurers have no rights independent of or greater than their insureds possessed individually. *Kent Insurance Co.,* 433 So.2d at 1297. The subrogee is bound by the same limitations and conditions that are binding on the subrogor. *Jones,* 366 So.2d at 1267. Therefore, since this court has found that the language of the exclusion clearly precludes the homeowner from receiving the benefit of the warranty, plaintiff as subrogee is likewise prevented from recovery.

## C. *Unconscionability of Express Warranty*

Plaintiff argues that the defendant's attempt to limit liability under the express warranty is unconscionable, particularly as it applies to homeowner's insurance policies. Since mortgagors are required to carry homeowner's insurance, plaintiff states that the warranty would only be of value to the few wealthy people who can afford to purchase a town house without financing a portion of the cost.

Exclusions or limitations of liability in express warranties have been upheld in a number of cases. For example a product manufacturer's limitation of liability in an express warranty is not unconscionable. *Monsanta Agricultural Products Co. v Edenfield,* 426 So.2d 574 (Fla. 1st DCA 1982). Similarly, an express exclusion of implied warranties in a lease agreement has been upheld. *Saunders Leasing v Gulf Central Distribution Center, Inc.,* 413 So.2d 1303 (Fla. 2d DCA 1987). Therefore, absent any ambiguity, this court is bound to uphold the exclusionary language of the express warranty, and to give it no other meaning than that expressed. *Paddock v Bay Concrete Industries, Inc.,* 154 So.2d 313 (Fla. 2d DCA 1963). Thus, loss that was covered by plaintiff as insurer would not be recoverable under the express warranty issued by defendant.

## II. WAIVER

Although the warranty clearly excludes payment for losses covered by other insurance, the court must consider whether defendant waived this defense by failing to raise it in a timely manner. Plaintiff argues that defendant waived the issue of exclusion of coverage under the express warranty because defendant failed to raise the issue in any pleading and to present it as a jury issue. Defendant contends that it

preserved the issue by denying that it breached the express warranty in its Answer to Plaintiff's complaint and by raising the issue in its motion for directed verdict.

Under the Florida Rules of Civil Procedure, defenses are waived if not raised in the responsive pleading or motion. Fla.R.Civ.P. 1.140(b). Courts have consistently disallowed affirmative defenses that were not specifically pled unless the issue is subsequently raised at trial and proved by the evidence. *Garrett v Oak Hall Club,* 118 So.2d 633 (Fla. 1960); *The Dean Co. v U.S. Home Corp., Inc.,* 485 SO.2d 438 (Fla. 2d DCA 1986); *Gulfstar, Inc. v Borg-Warner Acceptance Corp.,* 360 So.2d 455 (Fla. 3d DCA 1978); *Uvesco, Inc. v Petersen,* 295 So.2d 353 (Fla. 4th DCA 1974); *Fink v Powsner,* 108 So.2d 324 (Fla. 3d DCA 1959). Exclusions in insurance policies are affirmative defenses that the defendant has the burden of timely asserting and subsequently proving at trial. *Peninsular Life Insurance Co. v Hanratty,* 281 So.2d 609 (Fla. 3d DCA 1973); *Posigian v American Reliance Insurance Co. of New Jersey,* 549 So.2d 751 (Fla. 3d DCA 1989).

Courts have strictly applied the rule that affirmative defenses must be raised in the pleading. For example, a defendant can not rectify failure to raise an affirmative defense prior to trial by showing the plaintiff was aware of the defense from the interrogatories and depositions. *Ironman v Rhoades,* 493 So.2d 1097 (Fla. 4th DCA 1986). An affirmative defense also may not be successfully raised for the first time in an affidavit in opposition to a motion for summary judgment. *Wyman v Robbins,* 513 So.2d 231 (Fla. 1st DCA 1987). Most importantly, a defendant can not initially raise an affirmative defense in a motion for directed verdict following an unfavorable jury verdict. *Tallahassee Memorial Regional Medical Center, Inc. v Meeks,* 543 So.2d 770 (Fla. 1st DCA 1989).

Defendant maintains that it did raise the issue in the responsive pleading. Paragraph 26 of Defendant's answer states: "Defendant admits that a warranty may have been issued to the owner, but defendant denies any implication that, if such a warranty was issued, it covers the type of loss in question." The court is hard pressed to see how "type of loss" translates to no coverage under an express exclusion in the warranty.

The plaintiff relies extensively on *The Dean Co. v U.S. Home Corp.,* 485 So.2d 438 (Fla. 2d DCA 1986). In *Dean* the sole issue pled by plaintiff U.S. Home and tried before the court was indemnification. At the conclusion of the trial, the court assessed damages against the defendant based on a contribution theory. The Appellate court reversed

stating that the court abused its discretion because the defendant was not on notice that relative fault was at issue. The defendant was induced from presenting the appropriate evidence regarding the degree of its negligence because of its well-founded belief that indemnity was the sole issue. From *Dean* it is clear that a distinct theory of recovery can not be raised for the first time subsequent to trial. However, *Dean* does not aid the court in the present case in determining whether defendant's answer denying coverage under the warranty for the "type of loss" claimed is sufficient to raise the affirmative defense of lack of coverage under the exclusion provision.

A case very closely aligned factually with the case at bar, but cited by neither party, is *Peninsular Life Insurance Co. v Hanratty,* 281 So.2d 609 (Fla. 3d DCA 1973). In *Peninsular,* plaintiff sought to recover her hospital expenses under a group insurance policy. Defendant denied coverage claiming that the facility in which she received treatment did not qualify as a "hospital" under the terms of policy. After the trial began, the defendant sought and was granted leave to amend to include an affirmative defense based on an exclusion in the policy stating that a preexisting illness would not be covered. The *Peninsular* court overturned the trial court finding that "[t]his was a new affirmative defense because it was based upon an exclusion in the policy and was a defense that the defendant-appellant had the burden of *timely* asserting and subsequently providing at trial." *Id.* at 611. The court held that defendants were not entitled to amend after the trial began because the plaintiffs could not come to trial prepared to refute the defense.

From *Peninsular* it is clear that an exclusion is an affirmative defense that must be raised prior to trial and that merely denying coverage under one provision of a policy does not preserve the issue of exclusion of coverage under a separate provision. Therefore, based on *Peninsular,* the presumption in favor of the nonmovant under a motion for directed verdict, and the facts of this case, the court must find that defendant waived the defense of exclusion under the express warranty. Defendant's answer refers to the "type of loss," not to the exclusion in the policy, thereby suggesting that defendant was denying coverage under a particular provision of the policy. Furthermore, in defendant's argument and memorandum in support of its original motion for directed verdict, defendant merely argued that the defect alleged by plaintiff was not the type covered under the express warranty. Defendant did not raise the issue of the exclusion until the close of all evidence and after a jury verdict was returned. If the court were to allow defendant to prevail on the issue at this juncture, plaintiff would suffer even more

174

prejudice than the *Peninsular* plaintiff because defendant did not even request an amendment of the pleadings during trial, and thus did not give the plaintiff any opportunity to present evidence or challenge the defendant's argument based on the exclusion.

## CONCLUSION

The language of the warranty accompanying the purchase of the town house clearly excluded losses covered by other insurance. In this case, plaintiff insurer was obligated and did compensate the homeowner for the damage to her home. As a matter of law, plaintiff should have been precluded from recovering from defendant as subrogee of the homeowner by the express exclusion in the warranty. However, defendant's failure to raise this defense in a timely manner was fatal and resulted in a waiver of the defense under Fla.R.Civ.P. 1.140(b). It is, therefore,

ORDERED AND ADJUDGED that defendant's request for a directed verdict is denied.

DONE AND ORDERED this 21st day of February, 1991.

## ORDER DENYING DEFENDANT U.S. HOME CORPORATION'S MOTION FOR REHEARING AND RELIEF FROM JUDGMENT

This cause is before the court on Defendant U.S. HOME CORPORATION's Motion for Rehearing and Relief from Judgment relating to the Court's Order on Defendant's Renewed Motion for Directed Verdict dated February 21, 1991. U.S. HOME submitted a written motion with accompanying argument alleging that the court made two fundamental errors in rendering its decision. U.S. HOME contends that the court was mistaken as to when the issue of the warranty exclusion was presented to the court and as to whether an affirmative defense should have been raised. The court has carefully considered the motion and arguments raised by U.S. HOME, reviewed its files, conducted its own research, and is otherwise fully advised in the premises. Although the court recognizes that clarification of its Order on Defendant's Motion for Renewed Directed Verdict is warranted, the court is compelled to adhere to its order based on the facts of this case and the mandates of existing case law.

### Discussion

#### I. Background

U.S. HOME raises a number of issues regarding the court's understanding of the facts of this case and its application of the law. Since the facts of this case are essential to the court's resolution of the issues

**175**

presented, a brief review of the facts surrounding the express warranty claim and arguments is necessary.

Paragraphs 25 through 30 of plaintiff's complaint refer to the breach of express warranty claim. Plaintiff alleged that an express warranty existed covering the townhouse in question that was in full force and effect on the date of the loss. Plaintiff did not set out specific terms and provisions of the warranty. Rather, plaintiff stated in paragraph 27 that it did not have a copy of the express warranty.

In its answer, defendant admitted in paragraph 26 that a warranty may have been issued but denied that if the warranty was issued it covered the type of loss in question. Defendant then denied, in paragraph 29, that it breached the warranty when the fire broke out in a duplex receptacle.

At no time prior to trial did the defendant specifically raise the defense of the exclusion provision in the express warranty. A copy of the warranty was provided to plaintiff during discovery and was admitted into evidence at trial. The case went to trial on November 5, 1990, on four counts: negligence, strict liability, breach of implied warranty of merchantability, and breach of express warranty, against U.S. HOME only. U.S. HOME moved for a directed verdict at the close of plaintiff's case. U.S. HOME submitted a written memorandum of law and presented oral argument to the court. At this point, U.S. HOME did not raise the issue of the warranty exclusion; it confined its argument on the express warranty to a provision of the warranty limiting coverage to defects and to other conditions precedent, such as notice to the builder. Furthermore, counsel for U.S. HOME indicated that it would again present a brief argument on the express warranty claim and stated that this argument would involve testimony regarding the cause of the fire, again directed at showing there was no defect. The court reserved ruling on the express warranty and negligence counts.

After U.S. HOME presented its case, U.S. HOME renewed its motion for a directed verdict on the express warranty claim. It first argued that plaintiff did not meet its burden of proving a defect. U.S. HOME then presented the issue of the application of the exclusion provision for the first time, and plaintiff objected that the issue was not raised as an affirmative defense. The court reserved ruling and the issue went to the jury. The jury returned a verdict in favor of plaintiff on the express warranty count.

Defendant U.S. HOME again renewed its motion for directed verdict and submitted a memoranda, this time relying almost exclusively on

176

the terms of the exclusion provision. Plaintiff again objected that the defense had not been timely raised. Plaintiff also raised other objections including that the language of the exclusion provision was ambiguous and that the provision was unconscionable. The court denied the motion for directed verdict finding that, although plaintiff could have been precluded from recovery under the terms of the exclusion, defendant failed to raise the affirmative defense of the exclusion in a timely fashion, thereby waiving this defense. Defendant U.S. HOME then filed a Motion for Rehearing and Relief from Judgment presently before the court.

II. *Court was not Mistaken as to When the Issue of Exclusion was Raised.*

In its motion for rehearing, U.S. HOME first argues that the court has made a fundamental factual error regarding when the issue of exclusion was raised. Relying on the statement appearing on page 11 of the order: "Defendant did not raise the issue of exclusion until the close of all evidence and after a jury verdict was returned," U.S. HOME believed the court was under the mistaken impression that the warranty exclusion was not raised until after the jury verdict was returned. Since the issue was initially raised at the close of the evidence but before the jury verdict, U.S. HOME alleged that the court's analysis was premised on a factual error and must be corrected.

The court's language cited by defendant is admittedly unclear, but it does not reflect a misconception on the part of the court and does not affect the court's ruling. The court was aware that the issue was raised at two points in the proceeding: first at the close of the evidence, but before the jury rendered its verdict, and then again after the verdict was entered.

The court denied the motion for directed verdict, relying on *Peninsular Life Insurance Co. v Hanratty,* 281 So.2d 609 (Fla. 3d DCA 1973) in which an affirmative defense based on an exclusion in the policy was waived when the defendant failed to assert the defense any time prior to trial. In *Peninsular,* defendant attempted to raise the exclusion defense at the close of plaintiff's case. The *Peninsular* court found that the defense was waived because the defendant failed to raise the issue prior to trial and the plaintiff could not come to trial prepared to refute the defense. Similarly, plaintiff in the case at bar would have been unduly prejudiced if the court allowed the defendant to raise the exclusion issue at the close of evidence, even though the jury had not yet been instructed and had not yet begun deliberations. The court, therefore, has no reason to rehear the motion based on the ground that

U.S. HOME believed the court to be mistaken as to when it initially raised the issue of exclusion.

II. [sic] *Exclusion under the Warranty is an Affirmative Defense.*

U. S. HOME contends that the exclusion under the warranty is not an affirmative defense. U. S. HOME refers to *Florida Jurisprudence's* definition of an affirmative defense which states that an affirmative defense relates to new matter, extrinsic to that set up in the complaint. U.S. HOME relies on language that "new matter" relates to acts, transactions, or happenings that have occurred subsequently to the acts complained of by plaintiff and that do not form a part of the original contract or transaction, but are independent of it, and related to a different transaction.

U.S. HOME then argues that since the exclusion in the warranty entitled the defendant to avoid the claim as a matter of law, there were no "new matters" that the defendant needed to raise in its answer. It then distinguishes *Peninsular* in that the exclusion in that case related to a preexisting illness clause. U. S. HOME argues that a preexisting illness exclusion would require the presentation of evidence as to the preexisting condition. In the case at bar, contends U.S. HOME, the exclusion provision did not involve the same type of evidentiary issue, and thus, U.S. HOME argues, *Peninsular* would not apply, and the exclusion provision in this case would not constitute an affirmative defense that would be waived if not raised prior to trial.

The court did not rely on *Florida Jurisprudence* for two reasons. First, the only case cited by *Florida Jurisprudence* for the definition of what constitutes "new matter" was *Picture Plays Theater Co. v Williams,* 74 fla. 556, 78 So. 674 (1918). This case was decided before the Florida Civil Procedure rules were in effect. Consequently, it did not address the rule regarding affirmative defenses; rather it was addressing the requirement that a answer be "responsive." In addition, *Florida Jurisprudence's* definition is confusing. It not only describes new matter as extrinsic acts, but it also describes new matter as "any matter that avoids the action and that the plaintiff is not bound to prove initially but that, under the rules of evidence, the defendant must affirmatively establish." 40 Fla. Jur. 2d, *Pleadings,* § 159 at 215.

The second reason for not relying on *Florida Jurisprudence* is that there is Florida case law specifically establishing that an exclusion in a policy is an affirmative defense that the defendant has the burden of timely asserting and subsequently proving at trial. *Peninsular Life Insurance Co. v Hanratty,* 281 So.2d 609 (Fla. 3d DCA 1973); *Posigian v American Reliance Insurance Company of New Jersey,* 549

So.2d 751 (Fla. 3d DCA 1989). In addition, federal courts in applying Rule 8(c) of the Federal Rules of Civil Procedure, which is similar to Florida's rule 1.140(b), have also established that an exclusion in an insurance policy is an affirmative defense. *Ingraham v United States,* 808 F.2d 1075 (5th Cir. 1987); *Bull's Corner Restaurant,* 759 F.2d 500 (5th Cir. 1985); *Daburlos v Commercial Insurance Co. of Newark, New Jersey,* 521 F.2d 18 (3rd Cir. 1975); *Carey Canada Inc. v California Union Insurance,* 748 F. Supp. 819 (E.D. Cal. 1989); *Kravitz v Equitable Life Assurance Society of United States,* 453 F. Supp. 381 (E. D. Pa. 1978); *Bruce v Lumbermens Mutual Casualty Co.,* 127 F. Supp. 124 (E. D. N. C. 1954). The *Carey Canada* case relied on the Florida *Peninsular Life* and *Posigian* cases to establish that an exclusion is an affirmative defense.

The court recognizes U.S. HOME's argument that the exclusion against preexisting illnesses involved in *Peninsular* would require plaintiff to prove the factual matter of plaintiff's preexisting condition. However, the court does not find that *Peninsular* is distinguishable on this basis from the case at bar. The *Peninsular* court did not make the distinction that defendant would have this court make; *Peninsular* merely stated that a policy exclusion is an affirmative defense—it did not limit its ruling to particular types of exclusion provisions. Also, U.S. HOME assumes that because this court found that U.S. HOME should have prevailed on the exclusion issue, there were no facts that could have been introduced to support plaintiff's claim that defendant would have had to refute. This court's findings were based only on plaintiff's arguments presented on defendant's motion for directed verdict. Had plaintiff had adequate time to prepare a defense to the affirmative defense of the warranty exclusion, it is readily conceivable that the plaintiff could have raised other factual issues that could have been tried at trial.

III. *Under the Facts of this Case, Defendant's Answer was not Sufficient to Raise the Affirmative Defense of the Warranty Exclusion.*

Defendant suggests that even though the warranty exclusion may be an affirmative defense, it did not waive the defense because the defense was brought into the case by the plaintiff in the complaint. Defendant cites to *Reliance Mutual Life Insurance Co. of Illinois v Booher,* 166 So.2d 222 (Fla. 2d DCA 1964). *Reliance* involved a provision in an insurance policy limiting covered expenses to those incurred within 52 weeks of injury. The time limit was not raised as an affirmative defense in the pleading, but was raised at some point during trial. The court did not determine whether the time limit was an affirmative defense, but found that waiver was not justified by the facts of that case. *Id.* at

**179**

225. Finding that it could resolve the time limit issue based on defendant's general denial, the court relied on the fact that "plaintiff affirmatively alleged all of the terms and conditions of the policy and her right to recovery." *Id.* at 226.

The court recognizes that, in some instances, *Reliance* would apply and a general denial would be sufficient to raise the affirmative defense of a policy exclusion. *Reliance* does not set out a bright-line test; instead it must be determined on a case-by-case basis whether the complaint put the particular policy provisions at issue. See also *Bull's Corner Restaurant v The Director of F.E.M.A.*, 759 F.2d 501 (5th Cir. 1985). Whereas in *Reliance,* all the terms and conditions of the policy and of the plaintiff's right to recovery were set out in the complaint, in the case at bar, no policy provisions or terms were alleged in the complaint; in fact, plaintiff stated that it did not have a copy of the warranty. Furthermore, even if a general denial would have put the exclusionary provision at issue, U.S. HOME merely denied that the warranty covered the "type of loss" under the warranty; defendant did not generally deny that the warranty would apply. Therefore, in light of the case law establishing a policy exclusion as an affirmative defense and the particular facts of this case, the court must find that neither the complaint nor the answer raised the issue of the policy exclusion.

U.S. HOME also cites to cases involving policy exclusions and states that these cases suggest that if the complaint demonstrates the existence of a policy exclusion, the insurance company has no duty to defend the action. See *Reliance Insurance Co. v Royal Motor Car Corp.,* 534 So.2d 922 (Fla. 4th DCA 1988); *National Union Fire Insurance Co. v Lennox Liquors, Inc.,* 358 So.2d 533 (Fla. 1977); *Federal Insurance Co. v Applestein,* 377 So.2d 229 (Fla. 3d DCA 1979(. These cases, however, address the issue of the insurer's duty to defend a claim filed against an insured; they do not consider the obligation of the defendant to raise the exclusion as an affirmative defense. Even in these instances, courts require that the exclusionary provision appear on the fact of the complaint, e.g. incorporation by reference or by attaching the policy to the complaint. See *Posigian v American Reliance Insurance Co. of New Jersey,* 549 So.2d 752 (Fla. 3d DCA 1989). Therefore, these cases would not affect this court's ruling on U.S. HOME's renewed motion for directed verdict.

IV. *The Court's Order Does Comply with the General Rule That Pleadings Shall be Construed so as to do Substantial Justice.*

Defendant argues that by permitting the judgment to stand based on a defect in the pleadings, the court has violated Rule 1.110(g) Florida

Rules of Civil Procedure which states that all pleadings shall be construed so as to do substantial justice. Defendant suggests that the court's order establishes that the plaintiff's cause of action was legally barred, and, consequently, the court should treat defendant's motion for directed verdict as a motion for failure to state a cause of action. The defense of failure to state a cause of action may be raised at trial. Fla. R. Civ. P. 1.140(h)(2).

This argument is based on the misconception that the court considered plaintiff's claim barred under all circumstances. Although the court stated in its order that "as a matter of law plaintiff should have been precluded from recovery," the court did not intend to imply that it was deciding that there were no arguments that plaintiff could have raised to have a valid claim for recovery. The court was making the point that, based strictly on the arguments presented in the counsels' memoranda, the plaintiff should have been precluded from recovery. The court can readily conceive of other arguments plaintiff could have raised, had plaintiff had an adequate opportunity to prepare a defense, that could have entitled plaintiff to a claim for recovery. Therefore, the court cannot treat defendant's motion for directed verdict as a motion for failure to state a cause of action.

The court recognizes that the waiver provisions should be liberally construed so as to allow a defendant to raise an affirmative defense during trial if *no prejudice results to plaintiff.* E.g. *Terry v Johnson,* 513 So.2d 1315 (Fla. 1st DCA 1987) (allowed amendment to include statutory defense since it was merely a technical change in the form of action and imposed no detriment or prejudice on plaintiff); *Healy Tibbitts Construction Co. v Insurance Co. of North America,* 679 F.2d 803 (9th Cir. 1982) (defendant could raise policy exclusion defense in motion for summary judgment where no prejudice resulted to plaintiff because both parties were aware of the policy exclusion). However, absent any clear evidence that plaintiff was not prejudiced, courts have strictly construed the requirement that affirmative defense be timely raised. See e.g., *Tallahassee Memorial Regional Medical Ctr., Inc. v Meeks,* 543 So.2d 770 (Fla. 1st DCA 1989); *Wyman v Robbins,* 513 So.2d 231 (Fla. 1st DCA 1987); *Ironman v Rhoades,* 493 So.2d 1097 (Fla. 4th DCA 1986); *Fink v Powsner,* 108 So.2d 314 (Fla. 3d DCA 1959). This strict construction is essential to prevent the unfair surprise of a defendant attempting to "ambush a plaintiff with an unexpected defense." *Ingraham v United States,* 808 F.2d 1075, 1079 (5th Cir. 1987). Also, courts have stated that practicality demands that an affirmative defense be asserted early so that it can be sorted out before a jury is impaneled, to avoid waste of judicial and litigant resources.

**181**

*Tallahassee Memorial Regional Medical Ctr., Inc. v Meeks,* 543 So.2d 770 (Fla. 1st DCA 1989). See also *Jacobsen v Massachusetts Port Authority,* 520 F.2d 810 (1st Cir. 1975).

In this case, U.S. HOME did attempt to ambush the plaintiff with the defense of an exclusion in the express warranty. U.S. HOME did not raise the issue until the close of evidence, after a trial premised on an application of an entirely separate provision of the warranty. Although the express warranty had been entered into evidence during trial, U.S. HOME never gave plaintiff any indication during trial of its intent to raise the exclusion and there is no indication that plaintiff was aware of the exclusion provision prior to defendant's motion at the close of the evidence. Therefore, it would be fundamentally unfair for this court to do as U.S. HOME requests and allow it to raise its affirmative defense at this point.

V. *Conclusion*

The court's Order on Defendant's Renewed Motion for Directed Verdict was premised on a clear understanding of the facts of the case and the requirements of existing law. After reviewing its position and attempting to clarify its reasoning, the court finds no ground necessitating a rehearing. It is, therefore,

ORDERED AND ADJUDGED that defendant U.S. HOME's Motion for Rehearing and Relief from Judgment is denied.

DONE AND ORDERED this 18th day of March, 1991.