**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dennis Edward COLLIS, Defendant-Appellant.**

**No. 84–1708.**

United States Court of Appeals, Sixth Circuit.

Submitted May 1, 1985.

Decided June 25, 1985.

N.C. DeDay LaRene, Detroit, Mich., for defendant-appellant.

Gary M. Maveal, Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before KEITH and KRUPANSKY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This case stems from the conviction of the defendant which was entered upon a plea of guilty to possession with intent to distribute cocaine on March 7, 1984. *See* 21 U.S.C. § 841(a)(1). The defendant appeals, pursuant to Rule 11(a)(2) of the Fed-

eral Rules of Criminal Procedure, from a district court order denying his motion to suppress evidence of over 654 grams of cocaine. The drugs were seized by Drug Enforcement Agency (DEA) agents during a warrantless search of a bag the defendant carried after deplaning from a Miami, Florida flight at Detroit Metropolitan Airport.

Prior to the appeal at bar, this Court reversed the initial judgment of the district court granting the defendant's motion to suppress. The district court had based its ruling on a finding that the DEA agent's initial request of the defendant to answer questions constituted an unreasonable seizure in violation of the fourth amendment. *United States v. Collis*, 699 F.2d 832 (6th Cir.), *cert. denied*, 462 U.S. 1119, 103 S.Ct. 3088, 77 L.Ed.2d 1349 (1983). This Court reversed the district court's ruling and remanded the case with instructions to consider whether an unreasonable seizure occurred later during the defendant's interaction with the DEA agents and whether the defendant had standing to challenge the agents' search of the shoulder bag after the defendant had flung it over a fence while fleeing from the terminal. 699 F.2d at 835–36. On remand, the district court determined that the defendant was not subsequently "seized" when the agent asked him to accompany the agent to the baggage conveyor. The district court also determined that the DEA agents possessed sufficient reasonable suspicion to conduct an investigative stop of the defendant, and that the defendant had abandoned any privacy interest in the shoulder bag after dropping it and, therefore, had no standing to contest the search of the bag under the fourth amendment. On appeal, the defendant contends that the district court erred in denying his motion to suppress on remand. We affirm the judgment of the district court for the following reasons.

■ The facts of this case are fully recounted in this Court's prior opinion:

On June 4, 1981, Special Agents Thomas Anderson (Anderson) and Gregory Demmink (Demmink) of the Drug Enforce-

ment Agency (DEA) were conducting surveillance at the Detroit Metropolitan Airport. The agents were monitoring flights arriving from Miami, Florida because of that city's reputation as a narcotics "source city."

In the course of their surveillance, the agents noticed Collis deplane from Delta Airlines Flight 1132 which had originated in Miami. Collis, carrying a shoulder bag, was one of the first passengers to disembark. He proceeded rapidly from the gate toward the baggage claim area. Anderson followed Collis while Demmink remained at the gate to monitor the remaining passengers off-load. Anderson noted that Collis turned to look at him on several occasions as defendant proceeded through the airport concourse to the baggage claim area. As he arrived at the baggage claim area Collis nodded to an unidentified male who, shortly thereafter, departed from the terminal while Anderson left through another exit. Outside the terminal Anderson observed Collis walking on the sidewalk and the unidentified male standing beside a nearby parked car.

At this point Anderson elected to question the defendant. Anderson approached Collis from behind, lightly tapped him on the arm, displayed his credentials and orally identified himself as a DEA agent. Anderson requested permission to question Collis who willingly consented.

Upon further inquiry, Collis produced a Master Charge Card for identification and an airline ticket. Noting that baggage claim checks were attached to the ticket folio, Anderson asked Collis if he had checked any luggage. Collis acknowledged that he had, but explained that he had left the terminal before retrieving his luggage to determine if his brother had arrived to meet him. Anderson asked Collis if he knew the unidentified male standing by the parked vehicle. Collis denied knowing him. Anderson requested Collis to produce additional identification but defendant asserted that

his driver's license was in his checked luggage. Anderson returned the Master Charge Card and ticket envelope to the defendant and asked if defendant would agree to accompany him to the baggage claim area. Collis readily complied. At the baggage claim area, Anderson and Collis were met by Demmink. Anderson related the transpired events to Demmink including reference to the unidentified male who had also returned to the baggage claim area.

As Anderson, Demmink and Collis were waiting for defendant's baggage, the unidentified man approached and identified himself as a friend of Collis. He thereupon removed the shoulder bag from Collis which was retrieved by Demmink and immediately returned to defendant.

After anxiously pacing back and forth near the baggage conveyor belt, Collis bolted through the terminal doors and, with Anderson and Demmink in pursuit, ran into an adjacent parking lot. The parking lot was enclosed by a cyclone fence which blocked Collis' escape. Before Anderson and Demmink could reach him, Collis heaved the shoulder bag over the fence and onto a concrete ramp. Thereafter, Collis was placed under arrest and the bag was recovered, searched and found to contain cocaine.

*United States v. Collis*, 669 F.2d at 833–34.

On appeal the defendant first contends that the district court erred in determining that Agent Anderson's conduct in requesting the defendant to accompany him to the baggage claim area did not constitute a "seizure" within the purview of the fourth amendment. We do not agree. Nothing from this record indicates that the DEA agent coerced or intimidated the defendant into complying with the agent's request. Nor does the record show that the agent constructively constrained or effectively compelled compliance from the defendant by making the request immediately after accusing the defendant of being a drug courier or by retaining the defendant's ticket or other property. The defendant willingly complied with agent Anderson's request that the defendant consent to accompany the agent to the baggage conveyor for the purpose of obtaining the defendant's license from his luggage. In the context of these facts, the district court did not clearly err in finding that a reasonable person would have believed that he was free to leave when agent Anderson requested the defendant to consent to accompany him to the baggage claim area. *See United States v. Mendenhall*, 446 U.S. 544, 554–55, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980); *see, also INS v. Delgado*, 466 U.S. 210, 104 S.Ct. 1758, 1762, 80 L.Ed.2d 247 (1984); *United States v. Morgan*, 743 F.2d 1158, 1164 (6th Cir.1984) *cert. denied*, — U.S. —, 105 S.Ct. 2126, 85 L.Ed.2d 490 (1985); *United States v. Collis*, 699 F.2d at 834–35. Absent coercive or intimidating behavior which negates the reasonable belief that compliance is not compelled, Agent Anderson's quest for additional identification and voluntarily given information from the defendant does not constitute a seizure under the fourth amendment. *See Florida v. Rodriguez*, — U.S. —, 105 S.Ct. 308, 310–311, 83 L.Ed.2d 165 (1984); *Florida v. Royer*, 460 U.S. 491, 497, 103 S.Ct. 1319, 1323, 75 L.Ed.2d 229 (1983); *United States v. Mendenhall*, 446 U.S. at 555, 100 S.Ct. at 1877; *Terry v. Ohio*, 392 U.S. 1, 34, 88 S.Ct. 1868, 1886, 20 L.Ed.2d 383 (1968) (White, J., concurring) ("There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets."); *see also United States v. Sapperstein*, 723 F.2d 1221, 1226 (6th Cir. 1983); *United States v. Collis*, 699 F.2d at 835; *United States v. Moore*, 675 F.2d 802, 807 (6th Cir.1982), *cert. denied*, 460 U.S. 1068, 103 S.Ct. 1521, 75 L.Ed.2d 945 (1983); *cf. United States v. Jefferson*, 650 F.2d 854, 855–56 (6th Cir.1981) (defendant considered "seized" where DEA agent requested defendant accompany him to baggage claim office immediately after agent informed defendant that he was suspected of carrying drugs).

■ The defendant next contends that the district court erred in finding that he lacked standing to challenge the warrant-

222

less search of his shoulder bag. The district court concluded that the defendant had abandoned the bag when he threw it over a fence and that the defendant had failed to establish a subjective expectation of privacy that society is prepared to accept as reasonable. We find no error in the district court's analysis. In our view, the defendant abandoned the shoulder bag and failed to establish a legitimate subjective expectation of privacy which would confer standing to raise a fourth amendment challenge to the agents' search of the bag. Since the defendant abandoned his shoulder bag, the subsequent seizure and search of the bag were lawful. *United States v. Sanders,* 719 F.2d 882, 885 (6th Cir.1983); *see United States v. Place,* 462 U.S. 696, 705, 103 S.Ct. 2637, 2643, 77 L.Ed.2d 110 (1983); *see also United States v. Tolbert,* 692 F.2d 1041, 1044 (6th Cir.1982), *cert. denied,* — U.S. —, 104 S.Ct. 337, 78 L.Ed.2d 306 (1983).

Accordingly, the judgment of the Honorable Julian A. Cook is hereby affirmed.