968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Arnold LARCK, Defendant-Appellant.
 No. 91-6306.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1992.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Following a guilty plea preserving the right to appeal, defendant Terry Larck appeals the District Court's denial of defendant's motion to suppress evidence gained through the search of his automobile. Defendant asserts that the search was impermissible under the Fourth Amendment because he was coerced into consenting to the search and because the seizure which gave rise to the search exceeded the bounds permitted under Terry v. Ohio, 392 U.S. 1 (1968). For the reasons stated below, we AFFIRM the ruling of the District Court.
 
 I.
 
 2
 On June 28, 1991, Officer Dan Stout of the Memphis Police Department observed Larck's automobile cross the dotted line of the highway for eight-tenths of a mile while negotiating a turn. After continuing to follow the car, running a registration check which determined that the car was not stolen, and requesting the assistance of officer Stan Ferguson, Officer Stout stopped defendant Larck's vehicle. Stout met Larck between Larck's car and the patrol car, where he acquired Larck's driver's license. Assertedly because it was hot and the car was air-conditioned, Stout then asked Larck to have a seat in the back of Stout's patrol car, the doors of which automatically lock-in a back seat passenger. At the same time, Officer Ferguson talked with the passenger in Larck's car, Dennis Hancock, first at Larck's car and then moving to Ferguson's patrol car.
 
 
 3
 After checking Larck's driver's license and registration, Stout started to prepare a courtesy citation for the lane violation and consent to search form. At some point while Stout was completing these administrative matters, Ferguson approached Stout and informed him that Hancock had stated that there might be one or two marijuana cigarettes in the passenger compartment of the car. Fifteen minutes after initially being pulled over, Larck signed the consent to search form containing a disclaimer that it was executed "voluntarily and without threats." Upon searching Larck's car, Stout found approximately two pounds of marijuana in the trunk.
 
 
 4
 On July 23, 1991, a federal grand jury indicted Larck for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and carrying a firearm in relation to a drug traffic offense, in violation of 18 U.S.C. § 924(c). Defendant filed a motion to suppress the results of the vehicle search, and on September 21, 1991, the District Court held an evidentiary hearing on the motion. After hearing testimony from Larck and the two police officers, the District Court denied Larck's motion to suppress the results of the search. At that time the District Court also granted an oral motion by co-defendant Hancock to suppress Hancock's statement regarding the existence of marijuana in the passenger compartment. Larck then entered into a plea agreement preserving his right to appeal.
 
 II.
 
 5
 The first ground on which Larck challenges the District Court's denial of the motion to suppress the results of the search is that the signing of the consent to search form was coerced. Larck asserts that initially he refused to sign the consent form and asserts that he did sign it only because of prolonged questioning, his presence in the rear of the patrol car with the doors locked, and the threat by Stout that if he did not sign the form Larck's car would be searched by police dogs and towed. The District Court, however, explicitly found that Larck's signing of the consent form was consensual. In doing so, it based its decision on a further finding that the testimony of Officer Stout, who denied any coercion, was more credible than that of Larck concerning the circumstances surrounding the signing of the consent form.
 
 
 6
 Under Fed.R.Civ.P. 52(a), findings of fact by a district judge should not be reversed unless "clearly erroneous." This deferential standard allows reversal only if this Court were "on the entire evidence ... left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Further, even greater deference is demanded when a finding is based on a credibility determination, Anderson, 470 U.S. at 575, as the District Court's finding was here. Under such a standard, we cannot disturb the District Court's finding that Larck's signing of the consent form was not coerced.
 
 III.
 
 7
 The second ground on which Larck challenges the District Court's denial of the motion to suppress the results of the search is that the actions of Officer Stout which gave rise to the search rose to the level of a seizure under the Fourth Amendment and exceeded the bounds permitted under Terry, 392 U.S. 1.
 
 
 8
 This Court has held that "[a]bsent coercive or intimidating behavior which negates the reasonable belief that compliance is not compelled, [a law enforcement officer's] quest for ... voluntarily given information from the defendant does not constitute a seizure under the fourth amendment." United States v. Collis, 766 F.2d 219, 221 (6th Cir.1985), cert. denied, 474 U.S. 851 (1985). The District Court's finding that Larck's signing of the consent to search form was not coerced shows both Larck's reasonable belief that compliance was not compelled and the absence of coercion and intimidation. Thus, Stout's request that Larck sign the consent to search form was permissible because it did not rise to the level of a seizure.
 
 
 9
 For the reasons stated above, we AFFIRM the decision of the District Court.