50 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre HARRIS, Defendant-Appellant.
 Nos. 94-5857, 94-5858.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1995.
 
 Before: RYAN and SILER, Circuit Judges; and MILES, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Andre Harris appeals his conviction on three counts of possession with intent to distribute cocaine base (crack cocaine), in violation of 21 U.S.C. Sec. 841(a)(1), and one count of carrying or use of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c). He challenges the district court's denial of his motion to suppress evidence discovered by police officers in two vehicle searches. Harris also challenges the district court's denial of his motion to withdraw guilty pleas.
 
 
 2
 For the reasons stated herein, we affirm the decision of the district court.
 
 I.
 
 3
 On September 6, 1991, Officer Keith Snuffin of the Memphis Police Department stopped a car, driven by Harris, for driving without a visible license plate. When the officer asked defendant for his driver's license, Harris informed the officer that he was not carrying any identification. Further investigation revealed that defendant's license had been suspended and the car did not belong to defendant nor defendant's two passengers. After placing defendant under arrest, the officer conducted an inventory of the vehicle ("first search") before having it impounded, as it was blocking traffic. During the inventory of the car, the officer discovered cocaine base and a pistol. Harris and his co-defendants were indicted on October 2, 1991, for possessing with intent to distribute cocaine base and cocaine, and for carrying and using a firearm during and in relation to a drug trafficking offense.
 
 
 4
 On October 24, 1991, in Memphis, two police officers stopped another car driven by Harris, who was apparently on bond from the prior charge, for disregarding a stop sign. Upon stopping the car, one officer recognized Harris from the previous arrest and remembered that his license had been suspended. While outside the car, one of the officers noticed on the car's floorboard a bank bag that was partially opened, exposing a pistol and several rounds of ammunition. Before the officers could arrest Harris, however, he ran from the car and escaped. Upon searching the car in an effort to inventory the contents, the officers found three grams of rock cocaine and a loaded pistol. Harris was indicted a second time on December 5, 1991, for possession of cocaine base with intent to distribute and carrying and using a firearm during a drug trafficking offense.
 
 
 5
 After remaining a fugitive for two years, Harris was arraigned on July 9, 1993. His motions to suppress the evidence in the two cases were denied. He then entered guilty pleas for both cases on February 14, 1994. Subsequently, his original counsel was permitted to withdraw from the case and new counsel was appointed. In late May, Harris formally motioned the court to withdraw the pleas. The district court denied the motion and Harris now challenges this denial.
 
 II.
 
 6
 A) Motion to Suppress.
 
 
 7
 In reviewing a district court's ruling on a motion to suppress, this court will uphold the district court's findings of facts unless clearly erroneous. United States v. Roberts, 986 F.2d 1026, 1029 (6th Cir.), cert. denied, 114 S.Ct. 271 (1993). We review conclusions of law, however, de novo. Id.
 
 
 8
 The first search was the result of a valid inventory. The Memphis Police Department's Policy and Procedure Manual provides that "when a vehicle is obstructing traffic and the owner/operator is not available, then the vehicle should be towed to the Vehicle Storage Lot." Furthermore, "[v]ehicles should be inventoried whenever they are towed.... The inventory is done for the purpose of protecting the owner's property property, [sic] protection of the police from subsequent claims of loss or stolen property...."
 
 
 9
 The district court determined, based upon the testimony of Officer Snuffin, that the towing and subsequent inventory of the vehicle were justified as the car was blocking traffic and the owner of the vehicle could not be located at the time of Harris's arrest. Harris contests this finding on appeal, and claims that he actually parked the car in front of his step-father's house, away from traffic. This contention, however, calls for a credibility determination, which this court is not in the position to make. As Harris offers no evidence of clear error, we accept the district court's determination that the officer had a proper basis for the tow and inventory of the vehicle.
 
 
 10
 Given that Officer Snuffin acted pursuant to police policy, defendant, in order to prevail, must establish that the police acted in "bad faith or for the sole purpose of investigation." Colorado v. Bertine, 479 U.S. 367, 372 (1987). Absent such a showing, the search is presumptively valid. United States v. Harvey, 16 F.3d 109, 112 (6th Cir.), cert. denied, 115 S.Ct. 258 (1994). Harris, however, offered no evidence of bad faith or subterfuge on the part of the police. In light of this lack of proof, plus the fact that the search was made pursuant to standardized police procedures, we find the search to be valid.
 
 
 11
 As an alternative argument, Harris contends that the search is invalid because Officer Snuffin did not pursue other alternatives such as having the passengers or Harris's family members move the vehicle before searching and impounding the car, in apparent violation of department policy. This argument is without merit. The officer acted within the bounds of his discretion under police policy and, as the Supreme Court stated, "[n]othing.... prohibits the exercise of discretion so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." Bertine, 479 U.S. at 375.
 
 
 12
 In regard to the second search, Harris lacks standing to challenge the validity of the search as he fled the scene, thereby abandoning any expectation of privacy in the car. This circuit has recognized that a defendant's abandonment of an item may result in his lacking standing to challenge a subsequent search of that item. See United States v. Frazier, 936 F.2d 262, 265 (6th Cir.1991). Specifically, a person abandons any expectation of privacy in an item when he discards the item while running from the police. United States v. Collis, 766 F.2d 219, 222 (6th Cir.), cert. denied, 474 U.S. 851 (1985). Harris, therefore, relinquished his right to challenge the second search when he left the car with the keys in it and ran.
 
 
 13
 Furthermore, even if standing was not an issue, the seizure is clearly valid under the plain view doctrine,[1] as the officer saw the gun and ammunition while standing outside the vehicle. Minnesota v. Dickerson, 113 S.Ct. 2130, 2136-37 (1993). This alone justifies the subsequent search. United States v. Bentley, 29 F.3d 1073, 1075 (6th Cir.), cert. denied, 115 S.Ct. 604 (1994).
 
 
 14
 B) Withdrawal of the Guilty Pleas.
 
 
 15
 Pursuant to Fed.R.Crim.P. 32(d), a district court "may permit a withdrawal of [a] plea upon a showing by the defendant of any fair and just reason." It is entirely within the district court's discretion to determine when a fair and just reason has been established,[2] United States v. Bashara, 27 F.3d 1174, 1180-81 (6th Cir.1994), cert. denied, 115 S.Ct. 909 (1995); United States v. Alexander, 948 F.2d 1002, 1003 (6th Cir.1991), cert. denied, 112 S.Ct. 1231 (1992), and this court reviews the district court's decision for an abuse of discretion. Bashara, 27 F.3d at 1180.
 
 
 16
 Upon review of the record, we find no abuse of discretion. Defendant waited for three and a half months before filing a formal motion to withdraw the plea. Furthermore, while defendant claims that he filed his motion for withdrawal as soon as his new counsel was appointed, defendant still waited a month before filing a formal motion. Also, defendant did not consistently maintain his innocence. Rather, he freely admitted to his participation in each crime in court. Finally, while the court is not required to consider this factor, we find it important that the government would be substantially prejudiced if it had to try Harris three years after his arrests.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 The district court held that the search was a proper inventory. While the district court's analysis of this issue appears to be correct, it is not necessary for this court to rely on this basis in upholding the search since this court may affirm a court's denial of a motion to suppress if proper for any reason, even one not relied on by the lower court. United States v. Garza, 10 F.3d 1241, 1245 (6th Cir.1993)
 Likewise, as this court has found the search to be valid under the plain view doctrine, we need not consider all of the government's proffered bases for the search.
 
 
 [2]
 In determining whether a defendant has demonstrated a fair and just reason, the district court should consider the following factors: 1) the amount of time that has elapsed between the entry of the plea and the motion to withdraw the plea; 2) the presence or lack of a valid reason for failing to withdrawal earlier; 3) whether defendant consistently maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; and 5) the defendant's background and prior experience in the justice system. Bashara, 27 F.3d at 1181. Only once the defendant states a fair and just reason must the government demonstrate the potential prejudice it would suffer if the plea is withdrawn. United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir.1991), cert. denied, 112 S.Ct. 1231 (1992)