65 F.3d 169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marcus L. NELSON, Defendant-Appellant.
 No. 94-5828.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1995.
 
 Before: MERRITT, Chief Judge, KEITH and WELLFORD, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Defendant-Appellant, Marcus L. Nelson ("Nelson") appeals his conviction and sentence for possession of cocaine base with the intent to distribute and possession of a firearm during the commission of a drug offense. For the reasons stated below, we AFFIRM Nelson's conviction and sentence.
 
 I. Statement of the Case
 A. Procedural History
 
 2
 On July 21, 1993, the Federal Grand Jury for the Western District of Tennessee returned a two-count indictment against the Defendant-Appellant, Marcus L. Nelson ("Nelson"). Count One of the indictment charged Nelson with possession of cocaine base with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). Count Two charged Nelson with possession of a firearm in relation to a drug offense, in violation of 18 U.S.C. Sec. 944(c).
 
 
 3
 On August 27, 1993, Nelson filed a motion to suppress the evidence obtained as a result of his arrest, because he claimed the evidence was obtained as a result of an illegal seizure. A federal magistrate judge heard Nelson's motion and issued a report recommending the motion be denied. Nelson filed objections with the district court questioning to the holding of the magistrate judge. On November 22, 1993, the district court denied Nelson's objections and adopted the recommendation of the magistrate judge.
 
 
 4
 On December 12, 1993, Nelson entered into a Rule 11 plea agreement. The plea included a reservation of Nelson's right to appeal the denial of his motion to suppress the evidence surrounding his arrest.
 
 
 5
 On May 20, 1994, Nelson was sentenced to 84 months in prison on count one and 60 months in prison on count two to run consecutively for a total sentence of 144 months. The district court also imposed 4 years of supervised release.
 
 
 6
 At the sentencing hearing, Nelson attempted to introduce evidence that the juvenile convictions included in the calculation of his sentence should not be considered because there was no proof he was advised of his rights when he pled guilty. The district court refused to hear this evidence. This timely appeal followed.
 
 B. Statement of Facts
 
 7
 On July 17, 1993, Memphis Police officers Stanley Ellis ("Officer Ellis") and Paul Sides ("Officer Sides") were on routine patrol at the Spring Creek Apartments in Memphis. Both officers knew the apartment complex had a high rate of illegal drug traffic.
 
 
 8
 During the course of their patrol, Officers Ellis and Sides saw three African-American men standing in front of the breezeway between two apartment buildings. As the officers continued on patrol, they observed Nelson become very tense and nervous after seeing the two police cars. This aroused the suspicions of the two officers. As they proceeded towards the men, Nelson backed away from them into the space between the two buildings.
 
 
 9
 Officer Ellis asked Nelson to come foreword so he could speak with him. When Nelson failed to come forward, Officer Sides went into the breezeway area and saw Nelson had gone up a flight of steps. Nelson then shoved Officer Sides out of the way and entered a nearby apartment. Officer Sides pursued Nelson into the apartment and caught him as he was trying leave.
 
 
 10
 Officer Sides and Nelson began to struggle. Officer Sides radioed Officer Ellis, who was busy securing the other two individuals. Officer Ellis, upon entering the apartment, noticed Nelson was trying to reach for a pistol he had in his waistband. Officer Ellis immediately aided Officer Sides in handcuffing Nelson. After securing Nelson, Officer Ellis noticed there was a plastic bag containing a white powdery substance Officer Ellis believed to be cocaine in Nelson's waistband near where the pistol had been.
 
 
 11
 Nelson was advised of his Miranda rights and asked where he got the drugs and the gun. Nelson told the officers the drugs were his and he did not know where he got the weapon.
 
 
 12
 On March 10, 1994, Nelson filed a position paper with the district court attacking the constitutionality of his juvenile convictions which had been used to enhance his criminal history category and thereby increasing his sentence. On May 18, 1994, Nelson filed a supplemental position paper at the request of the district court. This supplemental paper elaborated on the unconstitutionality of these juvenile convictions.
 
 
 13
 At sentencing, Nelson attempted to introduce the testimony of the Shelby County Juvenile Court records keeper. This evidence was to show Nelson never was informed of his constitutional rights at the juvenile proceedings. The district court refused to hear this evidence and sentenced Nelson in accordance with his presentence report.
 
 II. Discussion
 
 14
 On appeal, Nelson claims the district court erred by not suppressing the evidence Officers Ellis and Sides obtained as a result of his arrest. He also argues the district court erred by not allowing him to present evidence which attacked the constitutionality of these convictions.
 
 A. Suppression of Evidence
 
 15
 This Court reviews a district court's findings of fact as applied in the denial of a motion to suppress for clear error. United States v. Duncan, 918 F.2d 647, 650 (6th Cir.1990), cert. denied, 500 U.S. 933 (1991). The district court's conclusions of law are reviewed de novo. Id.
 
 
 16
 The Fourth Amendment to the United States Constitution provides "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated...." U.S. Const.Amend. IV.
 
 
 17
 This court must first determine whether the questioned police contact created a seizure of the defendant. See United States v. Grant, 920 F.2d 376, 382 (6th Cir.1990). The Grant court held the test for determining whether a seizure has occurred is "whether, under the totality of the circumstances, a reasonable person would have believed he/she was not free to walk away." Id.
 
 
 18
 The United States Supreme Court has held a police officer may stop an individual for investigative purposes without probable cause where he has a reasonable, articulable suspicion the person in question has been, is, or is about to be engaged in a criminal activity. Terry v. Ohio, 392 U.S. 1, 22 (1968). This Circuit has held the police are free to address citizens on the street to ask questions. See United States v. Collis, 766 F.2d 219, 221 (6th Cir.) (per curiam ), cert. denied, 474 U.S. 851 (1985); see also California v. Hodari D., 111 S.Ct. 1547 (1991). "There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets." Id.
 
 
 19
 Contact with an individual is limited to the asking of questions; any act which goes beyond this may create a seizure of the individual and must be accompanied by at least some articulable suspicion of wrongdoing. Grant, 920 F.2d at 384-85. Circumstances which tend to indicate a seizure has occurred is when there is a "threatening" presence of several officers, the display of a weapon by an officer, some physical touching of the suspect by the officer or the use of language or tone of voice by an officer giving a reasonable person the impression that compliance might be compelled. Id. "[A]dditional information received by the agents during the minimally intrusive initial stage of questioning [can] provide a quantum leap to the articulable facts [to justify a seizure]." United States v. Mendenhall, 446 U.S. 544, 554 (1980).
 
 
 20
 In the instant case, Officers Ellis and Sides approached Nelson after his actions made them suspicious. They approached Nelson and requested the opportunity to speak with him. At no time did the actions of either officer constitute a seizure as defined in Grant. Once Nelson shoved Officer Sides and ran, there was articulable suspicion on the part of the officers to seize and arrest Nelson. Under a totality of the circumstances review, Officers Ellis and Sides did not violate Nelson's Fourth Amendment rights.
 
 
 21
 B. Collateral Attack on Nelson's Juvenile Convictions
 
 
 22
 This Circuit has held a district court has the discretion to entertain a challenge to the constitutional validity of prior state convictions for the purposes of sentencing. United States v. McGlocklin, 8 F.3d 1037, 1044 (6th Cir.1993) (en banc ), cert. denied, 114 S.Ct. 1614 (1994). However, since McGlocklin, the United States Supreme Court has held absent a showing the defendant was denied his constitutional right to counsel he/she may not collaterally attack prior state convictions used during sentencing. United States v. Custis, 114 S.Ct. 1732, 1738-39 (1994). This circuit must follow the Custis holding. See United States v. Smith, 36 F.3d 490, 493 (6th Cir.1994); United States v. Wilson, 27 F.3d 1126, 1131 n. 3 (6th Cir.1994), cert. denied, 115 S.Ct. 452 (1994).
 
 
 23
 Nelson's argument that he should be allowed to present evidence collaterally attacking the constitutionality of his previous convictions lacks merit. His attack on these previous conviction is based on a claim he was not advised of his constitutional rights. Based on the holdings in Custis and Smith, Nelson may not collaterally attack the previous convictions unless he claims he was denied the right to counsel.
 
 III. Conclusion
 
 24
 For the reasons stated above, we AFFIRM Nelson's conviction and sentence imposed by the Honorable Jerome Turner, United States District Judge for the Western District of Tennessee.